## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                     :

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| DELTA PETROLEUM, et al., | |
| | Case No. 11-14006 (KJC) |
| Debtors. | |
| | Jointly Administered |
| DELTA PETROLEUM GENERAL RECOVERY TRUST, | |
| Plaintiff, | |
| | Adv. Pro. No. 12-50877 (KJC) |
| v. | |
| ALERON LARSON, JR. | |
| Defendant. | |

### ANSWER

Aleron Larson, Jr. ("Defendant") by and through his attorneys, for his Answer to the Complaint in this proceeding states and alleges as follows:

### SUMMARY OF ACTION

1. Paragraph 1 of the Complaint contains no factual or legal allegations to which a response is necessary or required. Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiff's purported summary of this proceeding.

2. Paragraph 2 of the Complaint contains no factual or legal allegations to which a response is necessary or required. Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiff's purported summary of this proceeding.

3. Paragraph 3 of the Complaint contains no factual or legal allegations to which a response is necessary or required. Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiff's purported summary of this proceeding.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

## PARTIES

8. Except for the allegations contain in the last sentence of paragraph 8 of the Complaint, Defendant admits the allegations contained in paragraph 8 of the Complaint. Defendant denies that Plaintiff is authorized to bring Counts II and III below.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

**A.    The Bankruptcy Cases**

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that the Bar Date Notice was filed on February 14, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint and the same are therefore deemed denied.

14.     Defendant admits that the Plan and Confirmation Hearing Notice was filed on July 6, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint and the same are therefore deemed denied.

15.     Defendant admits that the Plan and an Amended Disclosure Statement were filed on August 13, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint and the same are therefore deemed denied.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and the same are therefore deemed denied.

19.     Defendant admits that the Effective Date Notice was filed on August 31, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint and the same are therefore deemed denied.

20.     Defendant admits that paragraph 20 of the Complaint contains a partial quotation of some of the language contained in Section 10 of the Plan, but denies the remaining allegations contained in such paragraph.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits the allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that paragraph 24 of the Complaint contains a partial quotation of the language contained in paragraph 19 of the Confirmation Order, but denies the remaining allegations contained in such paragraph.

B. **Oil and Gas Leases and Overriding Royalty Interests**

25. Defendant admits that Delta Petroleum Corporation ("Delta") owned and operated natural gas and crude oil producing assets and held ownership interests (the "Leases") in or related to certain lands upon which are located producing oil and gas wells. Defendant admits that some of the Leases in which Delta had an ownership interest are included in certain offshore oil and gas properties located on the outer continental shelf of the United States. Defendant also admits that Delta executed an assignment to Defendant dated December 1, 1999, that conveyed a 1% overriding royalty interest in some of such offshore properties, in accordance with the terms thereof ("A. LARSON ORRI"). Defendant lacks knowledge or information sufficient for form a belief about the truth of the remaining allegations contained in paragraph 25 of the Complaint and the same are therefore deemed denied.

26. Defendant admits that for almost 13 years prior to the Petition Date Delta remitted to Defendant the amounts due to Defendant as a result of his ownership of the A. LARSON ORRI. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 of the Complaint and the same are therefore deemed denied.

27. Defendant admits that subsequent to the Petition Date, Delta continued to remit to Defendant the amounts earned by Defendant as a result of his ownership of the A. LARSON

4

ORRI. (the "Larson 1% Payments"). Defendant denies all other allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and asserts instead that Plaintiff seeks to convert Defendant's property.

## COUNT I
### (Avoidance And Recovery Of The Larson ORRI Under Section 544(a)(3) And 550 Of the Bankruptcy Code)

29. For his response to paragraph 29 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in paragraphs 1 through 28 of the Complaint.

30. Defendant admits paragraph 30 of the Complaint contains a partial quotation of some of the language of Section 544(a)(3) of the Bankruptcy Code.

31. Defendant admits that paragraph 31 of the Complaint contains a partial quotation of some of the language of Section 550(a).

32. Defendant denies that he was required to record his A. LARSON ORRI in any recording office for the purpose of providing potential bona fide purchasers with notice of such interest. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 of the Compliant and the same are therefore deemed denied.

33. Defendant admits that the A. LARSON ORRI was a pre-petition transfer of property. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 33 of the Complaint and the same are therefore deemed denied.

34. Defendant admits that the assignment which conveyed the A. LARSON ORRI was not recorded in the Santa Barbara County, California recording office prior to the Petition Date, but denies all other allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Compliant.

## COUNT II

**(Declaration That The Larson ORRI, The Larson Assignment Agreement And Any Rights Arising Thereunder Were Stripped From The Underlying Leasehold Interest And, Therefore, the Larson ORRI, The Larson Assignment Agreement and Any Rights Arising Thereunder Are Not Enforceable Against The Reorganized Debtors Upon Consummation of the Plan Confirmed Under Bankruptcy Code Section 1141)**

37. For his response to paragraph 37 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in Paragraphs 1 through 36 of the Complaint.

38. Defendant admits the quoted language contained in paragraph 38 of the Complaint is part of the language of 11 U.S.C. § 1141(a) of the Bankruptcy Code.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits that he received the Bar Date Notice, Plan and Confirmation Date Notice and Effective Date Notice, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40 of the Complaint and the same are therefore deemed denied.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

### Count III

**(Declaration That Defendant's Claims Against the Debtors' Estates For Payments Under The Larson ORRI and The Larson Assignment Agreement Were Disallowed, Expunged And Discharged Upon Confirmation And Consummation Of The Plan By Virtue Of Failure To File A Proof Of Claim And The Plan Discharge Pursuant To Bankruptcy Code Section 1141)**

43. For his response to paragraph 43 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in paragraphs 1 through 42 of the Complaint.

44. Defendant admits the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits that he did not file a proof of claim in the Debtors' Chapter 11 cases, but denies the remaining allegations contained in paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint because it does not accurately contain the language of Section 10.10(a) of the Plan, which also includes two additional important sentences.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

### COUNT IV

**(Unjust Enrichment And Clawback Of Debtors' Post-Petition Payments)**

49. For his response to paragraph 49 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in paragraphs 1 through 48 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and the same are therefore deemed denied.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant admits that from the Petition Date to the Effective Date, Delta paid $74,243.39 to Defendant, but denies all other allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

## COUNT V
### (Post-Petition Fraudulent Transfer Under State Law)

54. For his response to paragraph 54 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in paragraphs 1 through 53 of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and the same are therefore deemed denied.

56. Defendant admits that from the Petition Date to the Effective Date, Debtor paid $74,243.49 to Defendant. Defendant denies the allegations contain in the second sentence of paragraph 56 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint and the same are therefore deemed denied.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

## COUNT VI

### (Turnover Of The Post-Petition Payments Under Section 542(a) Of the Bankruptcy Code)

58. For his response to paragraph 58 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations contained in paragraphs 1 through 57 of the Complaint.

59. Defendant admits that the quoted language contained in paragraph 59 of the Complaint appears in the language of 11 U.S.C. § 542(a) of the Bankruptcy Code.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Any unpaid amounts which may have been owed to Defendant as of the Petition Date because of oil and gas production relating to the A. LARSON ORRI were paid by Debtors to Defendant before the Bar Date.

2. Debtors at no time informed Defendant or provided any notice in its Plan, its disclosure materials, other notices, or filings with the Bankruptcy Court, that it disputed Defendant's A. LARSON ORRI, or that the purpose or effect of the Plan was to convert his overriding royalty interests.

3. The claims for relief designated in the Complaint as Counts II and III were not transferred to Plaintiff. To the extent such claims for relief exist at all, they belong to the reorganized Delta.

4.       None of the amounts paid by Delta to Defendant on account of the A. LARSON ORRI were paid under protest.

5.       Defendant relied upon the payments of his pre and post-petition royalties by Delta when Defendant did not file a proof of claim, did not file a request for allowance of administrative claim, did not participate in the Delta bankruptcy case, and was not a creditor.

6.       Based upon the facts and events described in paragraphs 1 through 5 above, Counts II, III, IV, V, VI, and VII are barred by estoppel, laches, unclean hands, waiver, and violations of the due process clause of the United States Constitution.

7.       Based upon the facts and events described in paragraphs 1 through 5 above, Plaintiff is not the real party in interest and has no standing to assert the claims contained in Counts II and III of the Complaint.  Moreover Counts II and III must be dismissed under Rule 19 for failure to joinder the reorganized Delta as an indispensable party.

8.       Based upon the facts and events described in paragraphs 1 through 5 above, it would be inequitable and against public policy for the Plaintiff to recover any sums based upon actions that Defendant was induced not to take as a result of the payments voluntarily and without objection made by Delta to Defendant.

9.       Plaintiff is not entitled to recovery of any funds paid to Defendant because the funds were paid by Delta as a mere conduit on behalf of Whiting Petroleum Corporation.

10.      Plaintiff is not entitled to recover any funds paid to Defendant because any funds paid by Delta to Defendant were the property of Defendant which were merely held in Trust for Defendant by Delta.

11. Plaintiff is not entitled to recover any funds paid by Delta to Defendant as such funds were ear marked for Defendant when paid to Delta by Whiting.

12. The Complaint fails to state any claim upon which relief can be granted.

**WHEREFORE**, Defendant ALERON LARSON, JR. prays that this Court issue its Order dismissing all of Plaintiff's claims with prejudice, awarding said Defendant his reasonable attorney's fees and costs incurred in the above-captioned action, and for such other and further relief as the Court may deem proper.

Dated: October 25, 2012

        **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:   _/s/ Raymond H. Lemisch_
Raymond H. Lemisch, Esquire (No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE  19801
(302) 442-7010  telephone
(302) 442-7012  facsimile
rlemisch@beneschlaw.com

- and -

Barry L. Wilkie, Esquire
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600  telephone
(303) 573-8133  facsimile
bwilkie@joneskeller.com

*Counsel to BWAB Limited Liability Company*