# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DELTA PETROLEUM CORPORATION, et al., | Case No. 11-14006 (KJC) |
| Debtors. | Jointly Administered |
| DELTA PETROLEUM GENERAL RECOVERY TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 12-50877 (KJC) |
| ALERON LARSON, JR., | |
| Defendant. | |

## SCHEDULING ORDER

The parties stipulate and agree, subject to the Court's approval, to the entry of this order as evidenced by the signatures of their respective counsel below. This stipulation contains the Court's standard provisions but has been modified to accommodate specific issues that the parties wish to raise.

**IT IS HEREBY ORDERED** that:

1. To promote the efficient and expeditious disposition of the following related adversary proceedings, unless they are upon motion by any party formally consolidated, the same schedule shall apply to each, and the parties shall endeavor, to the extent reasonably possible, to coordinate discovery, pretrial proceedings and trial in order to avoid

unnecessary duplication and reduce the volume of filings with the Court: *Delta Petroleum General Recovery Trust v. Roger Parker and Delia Parker*, Adv. Pro. No. 12-50876 (KJC); *Delta Petroleum General Recovery Trust v. Aleron Larson, Jr.*, Adv. Pro No. 12-50877 (KJC); and *Delta Petroleum General Recovery Trust v. BWAB Limited Liability Company*, Adv. Pro No. 12-50898 (KJC).

2. Pursuant to Local Rule 7016-1, the initial Fed. R. Civ. P. 16 scheduling and planning conference in this adversary proceeding (the "Initial Scheduling Conference") was held in connection with the status conference in this case on December 4, 2012, at 3:00 pm (Eastern Time).

3. In connection with the negotiation of this order, the parties met and conferred regarding the scheduling and discovery matters reflected herein as required under Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026.

4. The parties shall serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than twenty-one (21) days after entry of this order. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

5. The deadline for amending the pleadings and adding additional parties shall be January 4, 2013. Amendment of the pleadings or adding additional parties shall not alter or amend the deadlines set forth in this Order, except as may allowed by the Court upon motion setting forth good grounds therefor.

6. All fact discovery shall be completed no later than March 29, 2013.

7. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue no later than April 19, 2013. The opposing party shall file any rebuttal expert report within 21 days after service of the expert report by the party bearing the burden of proof. All expert reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than May 24, 2013.

8. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than January 25, 2013, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

9. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

10. All dispositive motions shall be filed and served no later than June 10, 2013, and shall be subject to Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Nothing in this Order shall prevent any party from filing a dispositive motion prior to the close of all discovery or the party opposing any dispositive motion from pursuing any rights and remedies provided by Fed. R. Civ. P. 56(d). Briefing on any dispositive motion shall proceed in accordance with Local Rule 7007-1. Oral argument will be conducted only upon leave of Court. The

        filing of any dispositive motion shall not serve to extend or delay any of the dates or deadlines specified herein.

11. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin J. Carey. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Carey's chambers.

12. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.

13. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

14. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

15. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

AGREED TO AND
APPROVED FOR ENTRY:

Dated:   December 21, 2012
         Wilmington, Delaware

| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| By: /s/ Raymond H. Lemisch<br>Raymond H. Lemisch, Esquire (No. 4204)<br>222 Delaware Avenue, Suite 801<br>Wilmington, Delaware 19801<br>Telephone: (302) 442-7010<br><br>and<br><br>Barry L. Wilkie, Esquire<br>Stuart N. Bennett, Esquire<br>Jones & Keller, P.C.<br>1999 Broadway, Suite 3150<br>Denver, Colorado 80202<br>Telephone: (303) 573-1600<br><br>*Counsel for Roger Parker, Aleron Larson, Jr. and BWAB Limited Liability Company* | By: /s/ Anthony W. Clark<br>Anthony W. Clark (I.D. No. 2051)<br>Kristhy M. Peguero (I.D. No. 4903)<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>Telephone: (302) 651-3000<br>Fax: (302) 651-3001<br><br>and<br><br>Ron E. Meisler<br>Ebba Gebisa<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Dr.<br>Chicago, Illinois 60606<br>Telephone: (312) 407-0700<br>Fax: (312) 407-0411<br><br>*Counsel for the Reorganized Debtors and Delta Petroleum General Recovery Trust* |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br><br>By: /s/ Ericka F. Johnson<br>Kevin J. Mangan (I.D. No. 3810)<br>Ericka F. Johnson (I.D. No. 5024)<br>222 Delaware Avenue<br>Suite 1501<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br><br>*Counsel for Delia Parker* | |

**SO ORDERED:**

Dated: December 26, 2012
       Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE