**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------x
: 
In re:                                                      :     Chapter 11
:
DELTA PETROLEUM, et al.,[1]              :     Case No. 11-14006 (KJC)
:
                Debtors.        :     Jointly Administered
:
:     Hrg. Date: 12/18/12 at 3:00 p.m. (EST)
:     Obj. Due: 12/11/12 at 4:00 p.m. (EST)
:
:     Related Docket Nos. 1152, 1153, 1179, 1180, 1204
:     Adv. Pro. Nos. 12-50877, 12-50898
------------------------------x

**AMENDED AND RESTATED STIPULATION AND PROPOSED ORDER
RESOLVING EMERGENCY MOTION OF REORGANIZED DEBTORS
AND DELTA PETROLEUM GENERAL RECOVERY TRUST FOR ENTRY
OF AN ORDER ENFORCING THE PROVISIONS OF DEBTORS'
CONFIRMED PLAN AND THE CONFIRMATION ORDER AND TO
ADVERSARY PROCEEDINGS NOS. 12-50877 AND 12-50898**

      **WHEREAS,** on September 21, 2012, Delta Petroleum General Recovery Trust ("Delta Petroleum Trust") commenced an adversary proceeding (the "Larson Adversary Proceeding") against Aleron H. Larson, Jr. ("Defendant Larson"), by filing its Complaint for Avoidance of Interests and Recovery of Property of the Estate (Adv. Pro. No. 12-50877; Adv. D.I. No. 1) (the "Larson Complaint") in this Court;

      **WHEREAS,** on September 26, 2012, Delta Petroleum Trust commenced an adversary proceeding (the "BWAB Adversary Proceeding," together with the Larson Adversary Proceeding, the "Adversary Proceedings") against BWAB Limited Liability Company ("Defendant BWAB," and together with Defendant Larson, the "Defendants"), by filing its Complaint for Avoidance of Interests and Recovery of

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number were: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc. (3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of Colorado (0506); and Castle Exploration Company, Inc. (9007) (each, a "Debtor," and collectively, the "Debtors").

Property of the Estate (Adv. Pro. No. 12-50898; Adv. D.I. No. 1) (the "BWAB Complaint") in this Court;

**WHEREAS**, on October 25, 2012, Defendant Larson filed his answer (Adv. Pro. No. 12-50877; Adv. D.I. 5) (the "Larson Answer"), and Defendant BWAB filed its answer (Adv. Pro. No. 12-50898; Adv. D.I. 5) (the "BWAB Answer," and together with the Larson Answer, the "Answers") in this Court;

**WHEREAS**, one of the issues in the Adversary Proceedings is which of the parties thereto is entitled to receive and retain certain payments made or to be made by Whiting Petroleum Corporation ("Whiting") arising from or relating to certain oil and gas producing properties off the coast of California which heretofore Whiting has been paying to Debtors or PAR Petroleum Corporation and its affiliates (collectively the "Reorganized Debtors") and which, prior to the commencement of the Adversary Proceedings, the Debtors had been paying to the Defendants (the disputed portion of such payments are hereinafter referred to as "Disputed Funds");

**WHEREAS**, the Disputed Funds are the amounts attributable to the following conveyances:

1. The Assignment of Overriding Royalty dated December 16, 1994, by Whiting to Defendant BWAB, a copy of which is attached as Exhibit A;

2. The Assignment of Overriding Royalty Interest dated December 1, 1999, by Delta Petroleum Corporation to Defendant BWAB, a copy of which is attached as Exhibit B; and

3. The Assignment of Overriding Royalty Interest dated December 1, 1999, by Delta Petroleum Corporation to Defendant Larson, a copy of which is attached as Exhibit C.

**WHEREAS**, on November 21, 2012, Defendants made a demand on Whiting to make future payments of the Disputed Funds directly to the Defendants;

**WHEREAS**, on November 30, 2012, the Delta Petroleum Trust and the Reorganized Debtors made a demand on Whiting to continue to make future payments of the Disputed Funds to the Reorganized Debtors;

**WHEREAS**, on November 30, 2012, in response to Defendants' demand on Whiting, the Reorganized Debtors and Delta Petroleum Trust filed the Emergency Motion for Entry of an Order Enforcing the Provisions of Debtors' Confirmed Plan and the Confirmation Order (D.I. 1152) (the Emergency Motion"), to (*inter alia*) enforce those provisions of the Debtors' Chapter 11 Plan that relate to the Chapter 11 Plan discharge injunction with respect to the Disputed Funds;

**WHEREAS,** the Defendants dispute that their entitlement to the Disputed Funds is affected by the Plan, Confirmation Order and the discharge injunction;

**WHEREAS,** the parties wish to resolve the Emergency Motion and reach a temporary resolution regarding the Disputed Funds pending a final judgment in the Adversary Proceedings;

**NOW, THEREFORE,** the parties hereby stipulate and agree, subject to approval of the Bankruptcy Court, as follows:

1. The parties agree that the recitals set forth above are a matter of convenience and shall not be offered or received as evidence in the Adversary Proceedings as an admission against interest or in a manner by one party that is otherwise prejudicial against the other.

2. The parties will withdraw their demand letters to Whiting and provide Whiting with a copy of this Stipulation and Order as soon as reasonably practicable after entry by the Court. The withdrawal of the demand letters is without prejudice to the right of (i) any party to assert in the Adversary Proceedings that the Disputed Funds were payable to them because they were owed to them by Whiting or any other party, and (ii) any other party to dispute any such contention. The payment of the monies by Whiting and the escrow of such monies by the Reorganized Debtors shall not be deemed to give any party an interest in such monies that they did not have before Whiting distributed the monies.

3. Until entry of a final judgment in the Adversary Proceedings, the Defendants will refrain from any further efforts outside of this bankruptcy proceeding (i) to obtain collection from third parties or the Reorganized Debtors, of the Disputed Funds, or (ii) to pursue any rights or remedies in any way related to the Disputed Funds against third parties or the Reorganized Debtors.

4. Pending a final judgment in the Adversary Proceedings and further order of the Court, the Reorganized Debtors will deposit all Disputed Funds received from Whiting after entry of this order promptly upon receipt of same, in an escrow (the "Escrow") with the Court (the "Escrowed Funds"). In connection with their monthly deposit of the Escrowed Funds, which shall be in varying amounts, the Reorganized Debtors will file a certification of counsel with the Court, attaching a certificate of deposit reflecting the amount deposited. Simultaneously with the payment of any Disputed Funds into the Escrow, the Reorganized

        Debtors shall provide to the Defendants hereto a report reflecting the amount so paid and a summary of the calculation of that amount.

5. Upon entry of a final judgment in the Adversary Proceedings, the Escrowed Funds will be disbursed as determined by the Court.

6. The agreements set forth in this Stipulation may be modified either by stipulation of the parties approved by the Court or by the Court for good cause shown.

7. This Stipulation is contingent upon the Court's entry of this Order which shall also cause the dismissal of the Emergency Motion without prejudice.

AGREED TO AND
APPROVED FOR ENTRY:

Dated:   December 19, 2012
         Wilmington, Delaware

| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| BY: /s/ Raymond H. Lemisch<br>Raymond H. Lemisch, Esquire (No. 4204)<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>222 Delaware Avenue, Suite 801<br>Wilmington, DE 19801<br>(302) 442-7010<br><br>and<br><br>Barry L. Wilkie, Esquire<br>Stuart N. Bennett, Esquire<br>Jones & Keller, P.C.<br>1999 Broadway, Suite 3150<br>Denver, CO 80202<br>(303) 573-1600 | BY: /s/ Anthony W. Clark<br>Anthony W. Clark (I.D. No. 2051)<br>Kristhy M. Peguero (I.D. No. 4903)<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000<br><br>and<br><br>Ron Meisler<br>Ebba Gebisa<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606-1720<br>(312) 407-0700 |
| *Counsel for Aleron Larson, Jr. and BWAB Limited Liability Company* | *Counsel for Delta Petroleum General Recovery Trust and Par Petroleum Corporation* |

**SO ORDERED:**

Dated:   December 31 , 2012
         Wilmington, Delaware

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE