**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  :   Chapter 11
                                        :
DELTA PETROLEUM CORPORATION,            :   Case No. 11-14006 (KJC)
et al.,¹                                :
                                        :   Jointly Administered
          Debtors.                      :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                 :
RECOVERY TRUST                          :
and                                     :
PAR PETROLEUM CORPORATION,              :
                                        :   Adv. Pro. No. 12-50877 (KJC)
          Plaintiffs,                   :
                                        :
     v.                                 :
                                        :
ALERON LARSON, JR.,                     :
                                        :
          Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DECLARATION OF SETH BULLOCK IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO
<u>FED. R. CIV. P. 56 AND FED. R. BANKR. P. 7056</u>**

I, Seth Bullock, hereby declare that the following is true to the best of my knowledge, information and belief:

    1.    I am the Chief Financial Officer at Par Petroleum Corporation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc. (3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of Colorado (0506); and Castle Exploration Company, Inc. (9007). The Reorganized Debtors' headquarters are located at: 1301 McKinney Street, Suite 2025, Houston, TX 77010.

("Par Petroleum," or the "Reorganized Debtor," and together with its affiliates, the "Reorganized Debtors"). I have consulted for Par Petroleum or its predecessor, Delta Petroleum Corporation ("Delta"), since November 2011, and have held officer positions at Par Petroleum (or Delta) since July 2012.

2. I am aware of the above-captioned adversary proceeding (the "Adversary Proceeding") between the Reorganized Debtors and Delta Petroleum General Recovery Trust ("Delta Petroleum Trust," and together with the Reorganized Debtors, the "Plaintiffs") on the one hand, and Aleron Larson, Jr. ("Larson" or "Defendant"), on the other.

3. This declaration is being submitted in support of the Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 (the "Motion").

4. Except as otherwise expressly stated, the facts set forth herein are based upon my personal knowledge and/or upon my review of the books and records of the Reorganized Debtors. I have reviewed the Motion and the accompanying brief filed in support of the Motion, and the statements of facts set forth therein are true and correct to the best of my knowledge.

5. Through the ordinary course of employment with the Reorganized Debtors, I received or became familiar with the documents attached hereto as Plaintiffs' Exhibits A - D. The attached exhibits are true, accurate and complete copies of the original documents, and are genuine and authentic.

6.  Delta and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), each commenced on December 16, 2011 (the "Petition Date", except in the case of Castle Exploration Company, Inc., for which "Petition Date" shall mean January 6, 2012), a voluntary case under chapter 11 of title 11 of the United States Code.

7.  Prior to the Petition Date, the Debtors owned and/or operated natural gas and crude oil producing assets and held interests in leases in certain lands that contain oil and gas producing wells.  Among those leases were certain offshore oil and gas leases on the outer continental shelf of the United States, including interests in certain oil and gas leases located off the coast of Santa Barbara, California (the "Leases")[2] that Delta acquired from Whiting Petroleum Corporation ("Whiting") in 1999.

8.  When the Debtors acquired the Leases, which are now owned by the Reorganized Debtors, from Whiting in 1999, the parties originally contemplated that Whiting would convey to Delta title to its interests in the Leases. However, following execution of the Purchase Agreement (as defined herein), Whiting and Delta realized that Whiting was not able to obtain the necessary consents and approvals to make such a real property conveyance.  As a result, the parties entered into an amendment to the Purchase Agreement (as defined herein)

---

[2]  Only two of the Leases (the so-called Point Arguello leases), which continue to produce and provide revenues, are relevant.  The other two (the so-called Rocky Point leases) were relinquished by the Debtors several years ago and are of no further consequence to the parties.

contemplating that Whiting would convey a derivative product which would provide the economic equivalent of conveying real property title to the Leases by assigning to Delta a "net operating interest" in, rather than title to, the Leases.

9. Accordingly, Delta acquired the Leases pursuant to: (i) the purchase and sale agreement, dated June 8, 1999, between Whiting, Whiting Programs, Inc. and Delta (the "Purchase Agreement"), a copy of which is Exhibit A hereto; (ii) the amendment to the Purchase Agreement (the "Amendment"), a copy of which is Exhibit B hereto, which was dated as of June 8, 1999, but was filed with the United States Securities and Exchange Commission in a Form 8-K/A dated August 25, 1999; and (iii) the conveyance and assignment agreement, dated December 1, 1999, between Whiting, Whiting Programs, Inc. and Delta (the "Conveyance Agreement," and together with the Purchase Agreement and Amendment, the "Whiting Agreements"), a copy of which is Exhibit C hereto.

10. As provided for in the Amendment, the Conveyance Agreement, which was the last Whiting Agreement executed, provided that Whiting was to convey to Delta a "net operating interest" in the Leases and not title to them.

11. In connection with Delta's acquisition of the Leases, in December 1999 Delta executed an assignment to Defendant to create non-operating overriding royalty interests in a specified percentage of certain "oil and gas leases and lands" and which burdened the oil, gas and other leased minerals produced, saved and sold from or allocated to the lands covered by the Leases, free and clear of

certain expenses (the "1999 Larson ORRI").

    12. In regards to the 1999 Larson ORRI, Delta and Defendant executed an assignment agreement, dated December 1, 1999, which provided that the Larson ORRI was equal to one percent (1.0%) of the "oil and gas leases and lands" and the oil, gas and other minerals produced, saved and sold from or allocated to the lands covered by the Leases, free and clear of all development, production and operating expenses (the "1999 Agreement"), a copy of which is Exhibit D hereto.

    13. Prior to initiating this Adversary Proceeding, the Debtors made post-petition payments to Defendant on account of the 1999 Larson ORRI in the aggregate amount of $74,243.39.

**[REMINDER OF PAGE INTENTIONALLY LEFT BLANK]**

14. I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: February 11, 2013
Wilmington, Delaware

*/s/ Seth Bullock*
Seth Bullock
*Chief Financial Officer of Par Petroleum Corporation*