IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------x
                              :
In re:                        :    Chapter 11
                              :
DELTA PETROLEUM CORPORATION,  :    Case No. 11-14006 (KJC)
et al.,                       :
                              :    Jointly Administered
              Debtors.        :
                              :
------------------------------x
                              :
DELTA PETROLEUM GENERAL       :
RECOVERY TRUST                :
and                           :
PAR PETROLEUM CORPORATION,    :
                              :    Adv. Pro. No. 12-50877 (KJC)
              Plaintiffs,     :
                              :
    v.                        :
                              :
ALERON LARSON, JR.,           :
                              :
              Defendant.      :
------------------------------x
```

**DECLARATION OF PETRU CORPORATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND FED.
R. BANKR. P. 7056**

I, Tim Truwe, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am the President and Chief Financial Officer of Petru Corporation ("Petru"). I submit this declaration (the "Declaration") on behalf of the Plaintiffs in support of the Plaintiffs' Motion For Summary Judgment Pursuant To Fed R. Civ. P. 56 and Fed. R. Bankr. P. 4056 (the "Motion"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. Petru is a consulting company based in Santa Paula, California that offers services relating to title of oil and gas interests throughout the United States with a geographical focus on California and the Pacific Northwest. Petru has provided such title services to major and independent oil and gas companies, including, without limitation, performing title searches, title examinations and write-ups. Petru has previously been retained to act as an expert witness in litigation involving title matters, including but not limited to title to oil and gas interests.

3. It is the generally accepted practice in the industry for an acquirer or other transferee of interests in oil and gas leases on the outer continental shelf of the United States (the "OCS Leases"), or a secured party that has received a security interest in OCS Leases, to file the instrument by which such acquirer, transferee or secured party received its interest in both (a) the County Recorder's office of the nearest adjacent state county to the location of the OCS Lease in which the acquirer, transferee or secured party is receiving an interest, by recording the original instrument with the County Recorder and (b) the records of the regional office of the Bureau of Ocean Energy Management (formerly, the Mineral Management Service) of the United States Department of the Interior ("BOEM") of the region in which the OCS Lease(s) in which the acquirer, transferee or secured party is receiving an interest are located.

4. The OCS Leases in question – namely, the OCS Leases bearing serial numbers OCS-P 0316, OCS-P 0451, OCS-P 0452 and OCS-P 0453 (the "Subject OCS Leases") – are located in the Pacific Region of the BOEM in federal waters offshore of California, and the nearest state county to the Subject OCS Leases is Santa Barbara County, California. It would be prudent and in accordance with customary practice in the oil and gas industry for an acquirer, transferee or secured party receiving an interest in the Subject OCS Leases to file the instrument

by which it was conveyed its interest in the Santa Barbara County Recorder's Office and in the office of the Pacific Region of the BOEM.

5. Plaintiffs retained Petru to advise Plaintiffs on industry practice and to search certain public records described in greater detail below to to determine whether Defendant Aleron Larson, Jr. had properly recorded the overriding royalty interest conveyed to Defendant and which is at issue in the Motion (the "Larson ORRI") for purposes of providing potential bona fide purchasers with notice of such interest. Based on discussions with counsel and Petru, Plaintiffs requested Petru to conduct, and Petru did conduct, at Plaintiffs' expense, (a) a search of Defendant's name (and several variations thereof) in the Grantor/Grantee Indices at the Santa Barbara County Recorder's Office, covering any instrument indexed under the name of said Defendant purporting to convey to Defendant an interest in the Subject OCS Leases purportedly burdened by the Larson ORRI filed from January 1, 1999 to October 9, 2012, and (b) a search of contract files, lease files and Unit files dated on or after January 1, 1999, indexed by serial number, relating to the Subject OCS Leases purportedly burdened by the Larson ORRI that were on file in the office of the Pacific Region of the BOEM, located in Camarillo, California as of October 9, 2012.

6. The foregoing searches revealed that acquirers, transferees or secured parties receiving interests in the Subject OCS Leases and other adjacent OCS Leases have previously recorded the instruments effecting such acquisition, transfer or grant of security in the Santa Barbara County Recorder's Office and/or filed such with the Pacific Region of the BOEM. This finding was consistent with my expectations and understanding of the generally accepted practices for filing such types of documents in California. Nevertheless, neither of the foregoing

searches indicated that the Larson ORRI had been filed in the records of either the Santa Barbara County Recorder's Office or the Pacific Region of the BOEM.

      I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: February 11, 2013

_____
Tim Truwe