**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------- x
                                            :
In re:                                      :  Chapter 11
                                            :
DELTA PETROLUEM, <u>et</u> <u>al.</u>,      :  Case No. 11-14006 (KJC)
                                            :
       Debtors.                             :  Jointly Administered
                                            :
------------------------------------------- x
                                            :
DELTA PETROLEUM GENERAL                     :
RECOVERY TRUST, and PAR                     :
PETROLEUM CORPORATION,                      :
                                            :  Adv. Pro No. 12-50877 (KJC)
       Plaintiffs,                          :
v.                                          :
                                            :
ALERON LARSON, JR.,                         :
                                            x
       Defendant, Counterclaimant.


**ALERON LARSON JR.'S MOTION TO PERMIT DISCOVERY**
**PURSUANT TO FED. R. BANKR. P. 7056 AND FED. R. CIV. P. 56(d)**
**PRIOR TO DECISION REGARDING PLAINTIFFS'**
<u>**MOTION FOR SUMMARY JUDGMENT (Adv. D.I. 34)**</u>

Aleron Larson, Jr. ("Larson") by and through his attorneys, for his Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment ("56(d) Motion"), states as follows:

**I.     INTRODUCTION**

As Larson states in his contemporaneously-filed Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment ("Response"), Plaintiffs are not entitled to summary judgment because, as a matter of law, the relevant interests in this

case are interests in real property which are not avoidable and the property interests at issue were not affected by Debtor's Plan of Reorganization. However, if and to the extent that the Court considers Plaintiffs' position to the contrary to have possible merit, Larson brings this 56(d) Motion because Plaintiffs have filed a Motion for Summary Judgment but have not provided pertinent discovery. Larson also seeks discovery from third parties which will confirm Larson's assertions as to the true nature of the transactions at issue in this case, and will enable him to establish his affirmative defenses.

Plaintiffs' Motion for Summary Judgment and Memorandum of Law in Support thereof (Adv. D.I. 34-35, henceforth "Plaintiffs' Motion") asserts various positions concerning transactions which occurred in 1999. Plaintiffs' Motion at 9-11. To support those assertions, Plaintiffs offer the Declaration of an individual who became a consultant to the debtor, Delta Petroleum Corporation ("Delta") starting in December, 2011, but did not become an officer of Delta or PAR until July, 2012. *See* Declaration of Seth Bullock, attached to Plaintiffs' Motion, at ¶ 1.

Larson is entitled to take the deposition of Plaintiffs' declarant, who cannot possibly have the knowledge he claims, and of Kevin Nanke, Delta Petroleum Corporation's former Chief Financial Officer who in all likelihood may have such knowledge. Additionally, Larson seeks to conduct discovery with respect to the Whiting Petroleum Corporation ("Whiting")—the counterparty to one of the transactions in question—which will inform Larson's argument that Plaintiffs are not entitled to summary judgment. For these reasons, if the Court does not deny the Plaintiffs' Motions, for the reasons articulated in Larson's response the Court should grant the 56(d) Motion and order that (i) discovery and supplemental briefing based thereon should continue for

an additional ninety days prior to otherwise ruling on Plaintiffs' Motion, (ii) deny Plaintiffs' Motion without prejudice to its renewal at a later date, or (iii) issue any other appropriate order to protect Larson's rights under Fed. R. Civ. P. 56(d).

## II.    BACKGROUND

**Plaintiffs' Discovery Productions to Date**

1.    On January 16, 2013, Plaintiffs served their Rule 26 Disclosures. *See* the Declaration of Barry L. Wilkie in Support of Larson's 56(d) Motion ("Wilkie Dec.") at Exh. 1. The Wilkie Dec. is attached hereto as Exhibit A. The disclosures stated that copies of their disclosed documents could be obtained by contacting Plaintiffs' counsel. *Id.*

2.    On January 18, 2013, Larson's counsel requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures. Wilkie Dec. at Exh. 2.

3.    Having received no response to its January 18, 2013 request, on January 23, 2013 Larson's counsel again requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures. Wilkie Dec. at Exh. 3.

4.    Six days later on January 29, 2013, Plaintiffs' counsel responded that they required a signed confidentiality agreement before providing the documents. Wilkie Dec. at Ex. 4. That same day, Larson's counsel asked Plaintiffs' counsel to explain the nature and extent of the purportedly confidential documents. Wilkie Dec. at Exh. 5.

5.    On Friday, February 8, 2013 at 6:44 PM Eastern time, Larson received a first set of Plaintiffs' Rule 26 disclosure documents, but only after Larson's counsel agreed to not reveal the purported confidential documents to other persons until the terms of a confidentiality agreement could be worked out. Wilkie Dec. at Exh. 5. Out of the

348 pages of documents that Plaintiffs produced, only 26 pages were marked as confidential, and most of the purportedly confidential documents were documents that had been signed by one of the defendants over 10 years ago.  Wilkie Dec. at ¶ 11.

6. On February 12, 2013, Plaintiffs filed their Motion for Summary Judgment.  Adv. D.I. 34-35.

7. On February 20, 2013, after the close of business and only four business days before Larson's response to Plaintiffs' Motion was initially due, Plaintiffs produced over 2,000 pages of documents, a relatively large number of which were marked as confidential.  Wilkie Dec. at ¶ 13.

8. On March 7, 2013, Plaintiffs produced an additional 51 pages of documents, none of which were marked confidential.  Wilkie Dec. at ¶ 14.  None of the documents disclosed to BWAB to date include any communications between Delta and Whiting concerning the nature of the 1999 transaction between the two whereby Delta acquired its Net Operating Interest, other than the documents which are attached to the Motion.  Wilkie Dec. at ¶ 14.

**Larson's Additional Attempts to Obtain Relevant Information to Date**

9. On February 14, 2013, Larson requested permission to interview Delta's former Chief Financial Officer, Kevin Nanke.  Wilkie Dec. at ¶ 15.  Plaintiffs refused that request.  *Id.*

10. On February 15, 2013, Larson attempted to obtain informal discovery from Whiting by interviewing Whiting employees.  Wilkie Dec. at ¶ 16.  Whiting informed Larson that Whiting would not provide the requested information without formal discovery.  Wilkie Dec. at ¶ 17.

11. On March 11, 2013, Larson served written discovery requests on Plaintiffs. Wilkie Dec. at Exh. 10. Many of the discovery requests pertain to documents that Plaintiffs disclosed, or should have disclosed, in their Rule 26 Disclosures. *Compare* Wilkie Dec. Exhs. 1 and 10. Plaintiffs' time to respond to those written discovery requests has not yet expired. Wilkie Dec. at ¶ 18.

### III. LEGAL AUTHORITY

Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56(d), the latter of which states the following with respect to a nonmovant for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

A court will grant a properly-filed Rule 56(d) motion "as a matter of course" particularly if "there are discovery requests outstanding or relevant facts are under the control of the moving party" that are material to a pending summary judgment motion. *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3rd Cir. 2007) (internal quotation marks and citations omitted).[1] A 56(d) motion must "specify what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, 2011 WL 2516522 at *10 (D. Del. 2011) (collecting cases).

---

[1] Although *Doe* refers to a "Rule 56(f)" motion, "in December 2007, the language of Rule 56(f) was amended and incorporated into Rule 56(d). See Fed.R.Civ.P. 56(d). These amendments were 'intended to be stylistic only,' and Rule 56(d) 'carries forward without substantial change the provisions of former subdivision (f).' (Advisory Committee Notes, Fed. R. Civ. P. 56(d))." *Pennsylvania, Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3rd Cir. 2012).

## IV.    ARGUMENT

As Larson articulated in his Response, Plaintiffs' arguments in favor of summary judgment are without merit and the Motion should be denied. However, should the Court not reject Plaintiffs' arguments for the reasons stated in Larson's Response, the Court should grant Larson relief under Fed. R. Civ. P. 56(d) to permit a full record to be developed and presented to the Court prior to otherwise ruling on Plaintiffs' Motion for Summary Judgment.

In support of this 56(d) Motion, Larson has offered a sworn declaration in compliance with Fed. R. Civ. P. 56(d).  *See* Wilkie Dec.[2]  As a matter of course, the Court should grant this 56(d) Motion due to the pendency of Larson's discovery requests. This 56(d) Motion seeks specific discovery which would preclude summary judgment. Larson has diligently sought the requested documents to little or no avail.  In all respects, Larson meets his burden to show that Plaintiffs' rush to summary judgment is premature, especially in light of their recalcitrance to produce relevant documents.

### A.    The specific discovery sought and how it would preclude summary judgment.

On March 7, 2013 Plaintiffs produced a few documents concerning how and in what manner debtor Delta Petroleum Corporation ("Delta") received payments from Whiting for distribution to Larson, or communications with Whiting related thereto. Wilkie Dec. at ¶ 14.  These documents cover only a very short period of time and it is unknown as to whether and to what extent other documents may exist.  Such other

---

[2] Fed. R. Civ. P. 56(d) does not require that a nonmoving party offer its own declaration, and declaration of its counsel is sufficient. *Steinberg v. Shearson Hayden Stone, Inc.*, 546 F. Supp. 699, 701 (D. Del. 1982); *In re CD Liquidation Co., LLC*, 2012 WL 1030404 (Bankr. D. Del. Mar. 23, 2012); *Barrett v. Viacom, Inc.*, 2009 WL 500633 (W.D. Pa. Feb. 27, 2009); *Interstate Outdoor Adver. v. Zoning Bd. of the Twp. of Cherry Hill*, 672 F. Supp. 2d 675, 677 (D.N.J. 2009).

documents may bolster Larson's affirmative defenses of estoppel, laches, unclean hands, and waiver (Adv. D.I. 26, affirmative defense 6), and very well may impact Larson's other affirmative defenses. Larson seeks documents pertaining to those payments and Delta's communications with Whiting through its discovery requests. Wilkie Dec. at Exh. 10. These are specific requests, many of which may have been subject to Plaintiffs' obligation under Fed. R. Civ. P. 26(a)(1)(A)(ii) to provide "without awaiting a discovery request.…" Receipt of those documents will permit Larson to confirm the true nature of the property that Whiting conveyed to Delta (*i.e.* that the conveyance was one of real property, contrary to the Plaintiffs' contention in their Motion), preventing the entry of summary judgment, if the court does not first deny the Motion for the reasons specified in Larson's Response.

Following Plaintiffs' production of the documents Larson seeks, Larson seeks to depose Plaintiffs' declarant, Seth Bullock. Wilkie Dec. at ¶ 19. This discovery is squarely within the realm of an appropriate 56(d) Motion. *See Brown & Brown, Inc. v. Cola*, 2011 WL 1103867 at *18 (E.D. Pa. Mar. 23, 2011) (granting a 56(d) motion where a "substantial portion" of a motion for summary judgment is "based on affidavits from individuals who, at the time of [nonmovants' response to the motion for summary judgment], had yet to be deposed, leaving their credibility unfairly free from challenge").

Additionally, Larson seeks discovery from Whiting concerning the nature of the transaction whereby Whiting conveyed Delta its 1999 property interest. Wilkie Dec. at ¶ 19. Larson has attempted to obtain information from Whiting through informal requests, but Whiting has refused those requests in the absence of subpoena. Wilkie Dec. at ¶¶ 16-17. This discovery will shed light on Whiting's intent in the 1999 transaction whereby

7

Whiting conveyed Delta the Net Operating Interest. As this transaction is at issue in this case, and the conclusion that Delta's Net Operating Interest was a real property interest compels the denial of the Plaintiffs' Motion for Summary Judgment as stated in Larson's Response, the Court should defer consideration of Plaintiffs' Motion until it has a full record before it, unless it otherwise denies the Motion as requested.

**B.     Although Larson has acted diligently, the requested discovery has not yet been obtained due to the short amount of time since this case began and Plaintiffs' Motion was filed.**

Any delay in obtaining the requested discovery has not been due to any lack of diligence on Larson's part. Plaintiffs' Complaint was amended on January 4, 2013 (Adv. D.I. 23), and Larson has only been aware of the basis for Plaintiffs' Motion since its filing on February 12, 2013, when they filed their motion for summary judgment. The period for fact discovery is still open under the parties' stipulated amended scheduling order (Adv. D.I. 39). However, while Larson has busied himself preparing an extensive response to Plaintiffs' Motion as well as declarations in opposition thereto, it has become clear that Larson will only obtain the information he needs to fully defend himself by means of formal discovery. Wilkie Dec. at ¶ 19.

## V.     CONCLUSION

If the Court does not simply reject the arguments contained in Plaintiffs' Motion, as it should, the requested relief is squarely within the scope of Fed. R. Civ. P. 56(d). The outstanding nature of Larson's discovery requests should result in this Court granting this 56(d) Motion as "a matter of course." In so doing, the Court may order that (i) discovery and supplemental briefing based thereon should continue for an additional ninety days prior to otherwise ruling on Plaintiffs' Motion, or (ii) deny Plaintiffs' Motion

8

without prejudice to its renewal at a later date, or (iii) issue any other appropriate order to protect Larson's rights under Fed. R. Civ. P. 56(d).

Dated March 12, 2013

                              **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:   */s/ Raymond H. Lemisch*
       Raymond H. Lemisch, Esquire (No. 4204)
       222 Delaware Avenue, Suite 801
       Wilmington, DE 19801
       (302) 442-7010 telephone
       (303) 442-7012 facsimile
       rlemisch@beneschlaw.com

       – and –

       Barry L. Wilkie, Esq.
       Stuart N. Bennett, Esq.
       **JONES & KELLER, P.C**
       1999 Broadway, Suite 3150
       Denver, CO  80202
       (303) 573-1600 telephone
       (303) 573-8133 facsimile
       bwilkie@joneskeller.com

       *Counsel to Aleron Larson, Jr.*

7572294 v1