# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :     Chapter 11
                                              :
DELTA PETROLUEM, et al.,                       :     Case No. 11-14006 (KJC)
                                              :
        Debtors.                              :     Jointly Administered
                                              :
- - - - - - - - - - - - - - - - - - - - - x
                                              :
DELTA PETROLEUM GENERAL                        :
RECOVERY TRUST, and PAR                        :
PETROLEUM CORPORATION,                         :
                                              :
        Plaintiffs,                           :     Adv. Pro No. 12-50877 (KJC)
                                              :
v.                                            :
                                              :
ALERON LARSON, JR.,                            :
                                              x
        Defendant, Counterclaimant.

DECLARATION OF BARRY L. WILKIE IN SUPPPORT OF ALERON LARSON JR.'S
MOTION TO PERMIT DISCOVERY PURSUANT TO FED. R. BANKR. P. 7056 AND
FED. R. CIV. P. 56(d) PRIOR TO DECISION REGARDING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT (ADV. D.I. 34)

        I, Barry L. Wilkie, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true

to the best of my knowledge, information and belief:

        1.      I am one of the attorneys for defendant, BWAB Limited Liability Company

("BWAB") in Adversary proceeding No. 12-50898 (KJC) ("BWAB Adversary") and I am one of

the attorneys for Aleron Larson, Jr. ("Larson") in Adversary Proceeding No. 12-50877 (KJC),

("Larson Adversary") both of which adversary proceedings are pending before the United States

Bankruptcy Court for the District of Delaware.

1

2.    I have reviewed Larson's Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment (adv. D.I. 34) ("Rule 56(d) Motion").

3.    I have read all of the documents which have been filed with the Court in the BWAB Adversary and the Larson Adversary.

4.    I have read all of the documents disclosed to defendant Larson and defendant BWAB by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(1) in those Adversary proceedings.

5.    I have read Larson's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, and all Exhibits and Declarations relating thereto.

6.    Except as otherwise expressly stated, the facts herein are based upon my personal knowledge and/or upon my review of correspondence between other attorneys in my office, and with attorneys for Plaintiffs.

7.    On January 16, 2013, Plaintiffs served their initial Rule 26 Disclosures. A copy of Plaintiffs' Rule 26(a)(1) Disclosures ("Rule 26 Disclosures") is attached as Exhibit 1. The disclosures stated that copies of their disclosed documents could be obtained by contacting Plaintiffs' counsel. *Id.*

8.    On January 18, 2013, Larson's counsel requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures. *See* email correspondence attached hereto as Exhibit 2.

9.    Having received no response to his January 18, 2013 request, on January 23, 2013 Larson's counsel again requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures. *See* email correspondence attached hereto as Exhibit 3.

10.    Six days later on January 29, 2013, Plaintiffs' counsel responded that they required a signed confidentiality agreement before providing the documents. *See* email correspondence attached hereto as Exhibit 4. That same day, Larson's counsel asked Plaintiffs' counsel to explain the nature and extent of the purportedly confidential documents. *See* email correspondence attached hereto as Exhibit 5.

11.    On Friday, February 8, 2013 at 6:44 PM Eastern time, Larson received a first set of Plaintiffs' Rule 26 disclosure documents, but only after Larson's counsel agreed to not reveal the purported confidential documents to other persons until the terms of a confidentiality agreement could be worked out. Out of the 348 pages of documents that Plaintiffs produced, only 26 pages were marked as confidential, and most of the purportedly confidential documents were documents that had been signed by one of the defendants over 10 years ago. Although Larson's counsel have requested that Plaintiffs explain why such documents are confidential and in need of protection by a confidentiality agreement or court order, Plaintiffs have not done so. *See* Exhibit 5.

12.    On February 12, 2013, Plaintiffs filed their Motion for Summary Judgment.

13.    After the close of business, On February 20, 2013, only four business days before Larson's response to Plaintiffs' Motion was initially due, Plaintiffs produced over 2,000 pages of documents, a relatively large number of which were marked as confidential.

14.    On March 7, 2013, Plaintiffs produced an additional 51 pages of documents, none of which were marked confidential. These documents cover only a short period of time and

appear to reflect how and in what manner Delta may have received payments from Whiting for distribution to Larson, but it is unknown as to whether and to what extent other documents may exist. None of the documents disclosed to BWAB to date include any communications between Delta and Whiting concerning the nature of the 1999 transaction between the two whereby Delta acquired its Net Operating Interest, other than the documents attached to Plaintiff's pending motion for summary judgment.

15.    During a conference call on February 14, 2013, BWAB and Larson requested Plaintiffs' permission to interview Delta Petroleum Corporation's former Chief Financial Officer, Kevin Nanke. When Plaintiff's counsel did not respond to that request, BWAB's counsel followed up the request by e-mail on February 20, 22 and 25. *See* email correspondence attached hereto as Exhibit 6. Finally, on February 25, 2013, Plaintiffs denied BWAB's request. *See* e-mail correspondence attached as Exhibit 7.

16.    On February 15, 2013, I attempted by email to arrange an interview of Whiting Petroleum Corporation ("Whiting") and in particular John Hazlett—a key participant in the 1994 transaction—through Whiting's outside counsel, Hal Morris. A copy of my email correspondence to Mr. Morris, without exhibits, is attached hereto as Exhibit 8. In my correspondence to Mr. Morris I explained:

> "Hal: We would like to interview Whiting next week and perhaps obtain an affidavit in connection with the attached Motion for Summary Judgment and Bullock Declaration. In particular we are looking for testimony about the meaning and intent of language in the 1994 BWAB ORRI from Whiting (in particular from John Hazlett), the payments of production revenues to Whiting from the Point Arguello properties ("Point A Properties") and subsequent transfers to Delta, Delta's assumption of the 1994 BWAB ORRI obligations and the working relationship between Delta and Whiting in connection with the operation of such properties. It had been our intention to contact you to arrange to obtain documents, and testimony or affidavits from Whiting after we received all of Delta's Rule

4

26 disclosure documents and responses to written discovery from Delta, but they filed the attached motion before either occurred."

17.     On February 28, 2013, Larson's counsel was advised that Whiting would not provide the requested information without formal discovery.  Exhibit 9.

18.     On March 11, 2013, Larson served written discovery requests on Plaintiffs.  A copy of Larson's written discovery is attached hereto as Exhibit 10.  Plaintiff's time to respond those requests has not yet expired.

19.     In order for Larson to defend himself against Plaintiffs' assertion that Whiting's 1999 conveyance of the Net Operating Interest to Delta was not a conveyance of real property, and to inform himself of the facts necessary to establish his affirmative defenses, it is necessary for Delta to respond to the written discovery and thereafter for Larson to take the depositions of Plaintiffs, Seth Bullock, Kevin Nanke, and Whiting as to, among other things, the information sought in the written discovery.  Larson explained this to Plaintiffs in a letter dated March 11, 2013, attached hereto as Exhibit 11, but inadvertently omitted that Larson will also need the deposition testimony of Kevin Nanke.

20.     While Larson has repeatedly attempted to obtain pertinent documents from Plaintiffs as well as relevant information from Whiting, it has become clear to me, based on the foregoing interactions between Larson, Plaintiffs, and Whiting, that Larson will only be receiving the information he needs to fully defend himself by means of formal discovery.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated:          March 12, 2013
                Denver, Colorado

                                        _____
                                        Barry L. Wilkie

5

# <u>Exhibit 1</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - x

In re:

DELTA PETROLEUM CORPORATION,
et al.,

                    Debtors.

- - - - - - - - - - - - - - - - - - - - - - - x

DELTA PETROLEUM GENERAL
RECOVERY TRUST
and
PAR PETROLEUM CORPORATION
                    Plaintiffs,

       v.

ALERON LARSON, JR.,
                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 11-14006 (KJC)

Jointly Administered

Adv. Pro. No. 12-50877 (KJC)

## PLAINTIFFS' INITIAL
## DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)

     Delta Petroleum General Recovery Trust ("Delta Petroleum Trust") and Par

Petroleum Corporation ("Par Petroleum") and its affiliates (each a "Reorganized Debtor" and

collectively, the "Reorganized Debtors," and together with Delta Petroleum Trust, the

"Plaintiffs"), by and through their undersigned attorneys, hereby make the following initial

disclosures (the "Disclosures") pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil

Procedure.

     The Disclosures are made without waiver of, or prejudice to, any objections

Plaintiffs may have with respect to any discovery requests or deposition testimony.  Plaintiffs

expressly reserve all such objections, including, but not limited to, objections based on (a)

1

relevance, (b) any applicable privilege or immunity, including without limitation, the attorney-client privilege, the attorney work product doctrine and the joint defense privilege, (c) undue burden, (d) over breadth, and (e) duplicative discovery, as well as the right to seek appropriate protection from public disclosure with respect to any confidential information. Plaintiffs reserve the right to object to the admissibility in evidence of the Disclosures and/or the subject matter thereof. The Disclosures herein are based upon Plaintiffs' information and belief as of the date hereof. Plaintiffs reserve the right to amend and/or supplement the Disclosures should further information become known after the date of the Disclosures, including without limitation, information obtained through discovery in this action, through further investigation by Plaintiffs' counsel or from other sources. Plaintiffs also expressly reserve all objections to the use, for any purpose, of the Disclosures other than in the above captioned action.

## DEFINITIONS

      A.        "Aleron Larson, Jr." or "Defendant" shall refer to Defendant Aleron Larson, Jr. and any Person acting or purporting to act on his behalf.

      B.        "Complaint" shall mean the amended complaint filed on January 4, 2013, in Adv. No. 12-50877 (KJC) at D.I. 23.[1]

      C.        "Conveyance Agreement" shall mean the conveyance and assignment agreement, dated December 1, 1999, between Delta, Whiting, and Whiting Programs, Inc. described in Paragraph 30 of the Complaint.

      D.        "Delta" shall refer collectively to Delta Petroleum Corporation and its former affiliates, former subsidiaries, former directors, former officers, former advisors,

---

[1]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

former employees, and any Person acting or purporting to act on their individual or collective behalf.

      E.     "Larson Assignment Agreement" shall mean the agreement between Delta and Aleron Larson, Jr. described in Paragraph 33 of the Complaint.

      F.     "Person" shall mean without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

      G.     "Purchase Agreement" shall mean the purchase and sale agreement, dated June 8, 1999, between Delta, Whiting, and Whiting Programs, Inc. described in Paragraph 30 of the Complaint.

      H.     "Purchase Agreement Amendment" shall mean the Amendment to the Purchase Agreement, dated as of June 8, 1999, described in Paragraph 30 of the Complaint.

      I.     "Whiting" shall refer collectively to Whiting Petroleum Corporation and its present and former affiliates, present and former subsidiaries, present and former directors, present and former officers, present and former advisors, present and former employees, and any Person acting or purporting to act on their individual or collective behalf.

      J.     "Whiting Agreements" shall refer collectively to the Purchase Agreement, Purchase Agreement Amendment and Conveyance Agreement.

## DISCLOSURES

A.    **Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information Supporting Plaintiffs' Claims or Defenses**

At the present time, Plaintiffs believe the following individuals are likely to have discoverable information that Plaintiffs may use to support their claims or defenses (except solely for impeachment). The following Disclosures do not include expert witnesses, if any, who will be identified at a later date in accordance with Rule 26 of the Federal Rules of Civil Procedure and the Scheduling Order entered by the Court on December 21, 2012. No employee, agent, or consultant of Plaintiffs may be contacted without prior consent of Plaintiffs' counsel, Anthony W. Clark and Kristhy M. Peguero, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, Delaware 19801, Tel: (302) 651-3000, and Ron Meisler and Ebba Gebisa, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606-1720, Tel: (312) 407-0700 regardless of whether their contact information is set forth in the chart below.

| INDIVIDUAL | ADDRESS (if known) | INFORMATION |
|---|---|---|
| John T. Young, Jr. *Chief Executive Officer of Par Petroleum Corp.* | Par Petroleum Corporation 1301 McKinney Street Suite 2025 Houston, TX 77010 | Allegations in the Complaint; General knowledge of the books and records of Delta; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |
| Seth Bullock *Chief Financial Officer of Par Petroleum Corp.* | Par Petroleum Corporation 1301 McKinney Street Suite 2025 Houston, TX 77010 | Allegations in the Complaint; General knowledge of the books and records of Delta; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |

4

| INDIVIDUAL | ADDRESS (if known) | INFORMATION |
|---|---|---|
| Kent Harmony<br>*Former Vice President of Finance of Delta Petroleum Corp.* | 7529 S. Hudson Court<br>Centennial, CO<br>80112-1006 | Allegations in the Complaint; General knowledge of the books and records of Delta; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |
| Earl Bogle<br>*Former Property Administration Director of Delta Petroleum Corp.* | 6823 S. Leyden Court<br>Centennial, CO<br>80112-1006 | General knowledge of the books and records of Delta; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |
| Kevin Nanke<br>*Former Chief Financial Officer of Delta Petroleum Corp.* | 2440 Ranch Reserve Ridge<br>Westminster, CO 80234 | General knowledge of the books and records of Delta. |
| Rhonda Meany<br>*Former Division Order Analyst of Delta Petroleum Corp.* | 1512 S. Haleyville Street<br>Aurora, CO 80018 | General knowledge of the books and records of Delta. |
| Currently unknown present/former employees, professionals, agents and representatives of Whiting | | Allegations in the Complaint; Business relationship between the Debtors and Whiting; General knowledge of the Whiting Agreements. |
| Aleron Larson, Jr.<br>*Defendant* | 150 Casteel Ridge Road<br>Edwards, CO 81632 | Allegations in the Complaint; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |
| Roger Parker<br>*Former Executive and Director of Delta Petroleum Corp.* | 9 Cherry Hills Park Drive<br>Cherry Hills Village, CO<br>80113 | Allegations in the Complaint; Business relationship between the Debtors and Defendant; Business relationship between the Debtors and Whiting; General knowledge of the Larson Assignment Agreement and Whiting Agreements. |

B.    **Rule 26(a)(1)(A)(ii): Description by Category and Location of All Documents, Electronically Stored Information, and Tangible Things Supporting Plaintiffs' Claims or Defenses**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs identify the following

categories of documents and their locations that are within the possession, custody or control of

Plaintiffs and that may be used in support of their claims or defenses (except solely for impeachment). Additional documents Plaintiffs may use to support their claims or defenses (except solely for impeachment) may be found in the public domain, the possession of third parties and/or in the possession of the Defendant, Defendant's representatives and/or advisors.

Hardcopy and electronic documents relating to: (a) the Larson Assignment Agreement; (b) performance under the Larson Assignment Agreement; (c) the Whiting Agreements, (d) financial records of Delta; and (e) the allegations in the Complaint, can be obtained from the Reorganized Debtors through their office at 1301 McKinney Street, Suite 2025, Houston, TX 77010; or have been provided to Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, Delaware 19801.

C. **Rule 26(a)(1)(A)(iii): Computation of Each Category of Damages Claimed by Plaintiffs Including the Documents or Other Evidentiary Material Available for Inspection and Copying on Which Each Computation Is Based**

| COUNT UNDER THE COMPLAINT | ESTIMATED DAMAGES[2] |
|---|---|
| Unjust Enrichment And Clawback Of The Post-Petition Payments | Post-Petition Payments of $74,243.39 plus interest |
| Post-Petition Fraudulent Transfers Under State Law | Post-Petition Payments of $74,243.39 plus interest |
| Avoidance and Recovery Of Post-Petition Payments Under Sections 549 And 550 Of The Bankruptcy Code | Post-Petition Payments of $74,243.39 plus interest |
| Turnover Of The Post-Petition Payments Under Section 542(a) Of The Bankruptcy Code | Post-Petition Payments of $74,243.39 plus interest |
| **Total Estimated Damages** | **$74,243.39 plus interest** |

---

[2]    The estimated computation of damages does not include interest, costs, expenses and attorney fees.

D.    **Rule 26(a)(1)(A)(iv): Any Insurance Agreement Under Which an Insurance Business May Be Liable to Satisfy All or Part of a Possible Judgment in the Action or to Indemnify or Reimburse for Payments Made to Satisfy the Judgment**

Plaintiffs are unaware of any applicable insurance agreements at this time.

Dated:    January 16, 2013
          Wilmington, Delaware


                        /s/ Anthony W. Clark
                        Anthony W. Clark (I.D. No. 2051)
                        Kristhy M. Peguero (I.D. No. 4903)
                        Skadden, Arps, Slate, Meagher & Flom LLP
                        One Rodney Square
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                        and

                        Ron Meisler
                        Ebba Gebisa
                        Skadden, Arps, Slate, Meagher & Flom LLP
                        155 North Wacker Drive
                        Chicago, Illinois 60606-1720
                        (312) 407-0700

                        *Counsel for Delta Petroleum General Recovery Trust and Par Petroleum Corporation*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
In re:                                        :    Chapter 11
                                              :
DELTA PETROLUEM, et al.,[1]                   :    Case No. 11-14006 (KJC)
                                              :
            Debtors.                          :    Jointly Administered
                                              ::
- - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
DELTA PETROLEUM GENERAL                        :
RECOVERY TRUST,                               :
                                              :
            Plaintiff,                        :
                                              :
     v.                                       :    Adv. Pro. No. 12-50877 (KJC)
                                              :
ALERON LARSON, JR.,                           :
                                              :
            Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - - -x
```

### NOTICE OF SERVICE

I, Anthony W. Clark, certify that on January 16, 2013, I caused a copy

of Plaintiffs' Initial Disclosures Pursuant To Fed. R. Civ. P. 26(A)(1)(A) to be served

on the following counsel of record in the manner indicated:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number are: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta
Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc.
(3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of
Colorado (0506); and Castle Exploration Company, Inc. (9007). The Reorganized Debtors'
headquarters are located at: 1301 McKinney Street, Suite 2025, Houston, TX 77010.

**File a Notice:**

12-50877-KJC Delta Petroleum General Recovery Trust v. Larson, Jr.
Type: ap                           Office: 1 (Delaware)                 Judge: KJC
Lead Case: 1-11-bk-14006           Case Flag: NONPREF, MEDDue

## U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Anthony W. Clark entered on 1/16/2013 at 5:25 PM EST
and filed on 1/16/2013
Case Name:       Delta Petroleum General Recovery Trust v. Larson, Jr.
Case Number:    12-50877-KJC
Document Number: 24

Docket Text:
Notice of Service *of Plaintiffs Initial Disclosures Pursuant To Fed. R. Civ. P. 26(a)(1)(a)* Filed by Delta
Petroleum General Recovery Trust (Clark, Anthony)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:H:\temp\convert\Notice_Serv_Initial_DS_-_Larson-c.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=1/16/2013] [FileNumber=11371254-0
] [67c2efa14c6ecbce3c0e0727ea263d0352ae7d628d3e9c6a3170bd7e4a2225ccb94
f527bbb1c2aa4b518c556a3a5992ec0aa3f430b7e3968cadbdb04c5325df0]]

**12-50877-KJC Notice will be electronically mailed to:**

Anthony W. Clark on behalf of Plaintiff Delta Petroleum General Recovery Trust
, debank@skadden.com;wendy.lamanna@skadden.com;christopher.heaney@skadden.com

Anthony W. Clark on behalf of Plaintiff Delta Petroleum General Recovery Trust
, debank@skadden.com

Raymond Howard Lemisch on behalf of Defendant Aleron Larson, Jr.
rlemisch@beneschlaw.com,
jsmith@beneschlaw.com;jhoover@beneschlaw.com;docket@beneschlaw.com;ehein@beneschlaw.com

Kristhy M. Peguero on behalf of Plaintiff Delta Petroleum General Recovery Trust
kristhy.peguero@skadden.com,
debank@skadden.com;wendy.lamanna@skadden.com;christopher.heaney@skadden.com

**12-50877-KJC Notice will not be electronically mailed to:**

# Exhibit 2

## Barry Wilkie

**From:** Aaron Goldhamer
**Sent:** Friday, January 18, 2013 12:25 PM
**To:** anthony.clark@skadden.com; ron.meisler@skadden.com
**Cc:** Barry Wilkie; Stu Bennett
**Subject:** Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

Please send, via email or to the below mailing address, copies of the documents disclosed in Plaintiff's initial disclosures in the above-numbered adversary proceedings related to the Delta Petroleum bankruptcy.

Thanks, and have a great weekend.

Best regards,

Aaron Goldhamer

## JONES&KELLER

**Aaron Goldhamer**
Attorney at Law
1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

NOTICE: THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

# **Exhibit 3**

**Barry Wilkie**

| | |
|---|---|
| **From:** | Aaron Goldhamer |
| **Sent:** | Wednesday, January 23, 2013 3:24 PM |
| **To:** | anthony.clark@skadden.com; ron.meisler@skadden.com |
| **Cc:** | Barry Wilkie; Stu Bennett |
| **Subject:** | RE: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877 |

Dear Counsel,

I have yet to receive a response to the below email.

Please advise as to how we can obtain copies of Plaintiffs' initial disclosure documents in the above-numbered Delta bankruptcy adversary cases.

Best,

Aaron

## JONES&KELLER

**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

**From:** Aaron Goldhamer
**Sent:** Friday, January 18, 2013 12:25 PM
**To:** 'anthony.clark@skadden.com'; 'ron.meisler@skadden.com'

1

**Cc:** Barry Wilkie; Stuart N. Bennett (sbennett@joneskeller.com)
**Subject:** Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

Please send, via email or to the below mailing address, copies of the documents disclosed in Plaintiff's initial disclosures in the above-numbered adversary proceedings related to the Delta Petroleum bankruptcy.

Thanks, and have a great weekend.

Best regards,

Aaron Goldhamer

# JONES&KELLER

**Aaron Goldhamer**
Attorney at Law
1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
**JONES&KELLER, P.C.**
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

# <u>Exhibit 4</u>

---

**Barry Wilkie**

| | |
|---|---|
| **From:** | Peguero, Kristhy M <Kristhy.Peguero@skadden.com> |
| **Sent:** | Tuesday, January 29, 2013 11:44 AM |
| **To:** | Aaron Goldhamer; ''rlemisch@beneschlaw.com' (rlemisch@beneschlaw.com)'; Barry Wilkie; 'erjohnson@wcsr.com'; Stu Bennett; 'kmangan@wcsr.com' |
| **Cc:** | Clark, Anthony W; Meisler, Ron E; Gebisa, Ebba |
| **Subject:** | FW: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877 |
| **Attachments:** | Draft Stipulation-c.DOC; Draft Protective Order-c.DOC |

Attached please find a draft stipulation and order governing the production, exchange and filing of confidential materials in the adversary proceedings. After the protective order is entered, Plaintiffs will produce a spreadsheet showing all the payments at issue. You should already have the relevant Delta and Whiting agreements, although we are happy to provide you with additional copies. We'll also respond to any specific document requests per the Federal Rules.

Please let me know if you have any comments or questions regarding the attached.

Thanks,

**Kristhy M. Peguero**
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square | P.O. Box 636 | Wilmington | Delaware | 19899-0636
T: 302.651.3128 | F: 302.574.3128
kristhy.peguero@skadden.com
🖨 Please consider the environment before printing this email.

---

**From:** Aaron Goldhamer [mailto:agoldhamer@joneskeller.com]
**Sent:** Wednesday, January 23, 2013 05:24 PM
**To:** Clark, Anthony W (WIL); Meisler, Ron E (CHI)
**Cc:** Barry Wilkie <bwilkie@joneskeller.com>; Stu Bennett <sbennett@joneskeller.com>
**Subject:** RE: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

I have yet to receive a response to the below email.

Please advise as to how we can obtain copies of Plaintiffs' initial disclosure documents in the above-numbered Delta bankruptcy adversary cases.

Best,

Aaron

1

# JONES&KELLER

**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

**From:** Aaron Goldhamer
**Sent:** Friday, January 18, 2013 12:25 PM
**To:** 'anthony.clark@skadden.com'; 'ron.meisler@skadden.com'
**Cc:** Barry Wilkie; Stuart N. Bennett (sbennett@joneskeller.com)
**Subject:** Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

Please send, via email or to the below mailing address, copies of the documents disclosed in Plaintiff's initial disclosures in the above-numbered adversary proceedings related to the Delta Petroleum bankruptcy.

Thanks, and have a great weekend.

Best regards,

Aaron Goldhamer

# JONES&KELLER

**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133

JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

---------------------------------------------------------------------------
************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
************************************************
************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

# Exhibit 5

## Barry Wilkie

| | |
|---|---|
| **From:** | Stu Bennett |
| **Sent:** | Tuesday, January 29, 2013 5:05 PM |
| **To:** | Peguero, Kristhy M; Aaron Goldhamer; "rlemisch@beneschlaw.com' (rlemisch@beneschlaw.com)'; Barry Wilkie; 'erjohnson@wcsr.com'; 'kmangan@wcsr.com' |
| **Cc:** | Clark, Anthony W; Meisler, Ron E; Gebisa, Ebba |
| **Subject:** | RE: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877 |

Dear Counsel,

·We have reviewed the proposed protective order that Plaintiffs circulated. While we have no objection in principle to protection of confidential documents from disclosure to the public, we question the need for a confidentiality order in this case. First of all, Plaintiffs had no apparent hesitation in place in the public court files the confidential contracts and ORRI assignments between our clients. Having placed those documents in the public domain, we question what additional records Plaintiffs anticipate producing as to which a claim of confidentiality would arise. Further, as ORRI owners, Defendants are entitled to review and copy documents reflecting the payments to which they are entitled free of any claim of confidentiality. So vis-à-vis the Defendants what possible claim of confidentiality can there be?

Please explain the nature and extent of documents as to which Plaintiffs intend to claim confidentiality so we may consider the appropriateness of the tendered protective order in the proper context. Quite frankly, our initial thoughts are that the proposed order is over-kill on the relatively simple issues involved in our case and the absence of anything that resembles trade secrets or proprietary information.

In the meantime, we have twice requested production of the documents Plaintiffs have disclosed in their initial 26(a)(1) disclosures. To date we have had no response. Please produce the documents by February 4, 2013 or we will have to take up the matter of your failure to do so with the court. Until the matter of a protective order is resolved we will agree to keep Plaintiffs' disclosed documents confidential and to use them solely for the purposes of this litigation.

Thank you for your attention to our requests.

Best regards,

Stu Bennett

## JONES&KELLER

**Stuart N. Bennett**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 ; D: 303.785.1616 ; F: 303.573.8133

JONES&KELLER, P.C.
sbennett@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

**From:** Peguero, Kristhy M [mailto:Kristhy.Peguero@skadden.com]
**Sent:** Tuesday, January 29, 2013 11:44 AM
**To:** Aaron Goldhamer; "rlemisch@beneschlaw.com' (rlemisch@beneschlaw.com)'; Barry Wilkie; 'erjohnson@wcsr.com';
Stu Bennett; 'kmangan@wcsr.com'
**Cc:** Clark, Anthony W; Meisler, Ron E; Gebisa, Ebba
**Subject:** FW: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Attached please find a draft stipulation and order governing the production, exchange and filing of confidential materials in the adversary proceedings. After the protective order is entered, Plaintiffs will produce a spreadsheet showing all the payments at issue. You should already have the relevant Delta and Whiting agreements, although we are happy to provide you with additional copies. We'll also respond to any specific document requests per the Federal Rules.

Please let me know if you have any comments or questions regarding the attached.

Thanks,

Kristhy M. Peguero
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square | P.O. Box 636 | Wilmington | Delaware | 19899-0636
T: 302.651.3128 | F: 302.574.3128
kristhy.peguero@skadden.com
♲ Please consider the environment before printing this email.

**From:** Aaron Goldhamer [mailto:agoldhamer@joneskeller.com]
**Sent:** Wednesday, January 23, 2013 05:24 PM
**To:** Clark, Anthony W (WIL); Meisler, Ron E (CHI)
**Cc:** Barry Wilkie <bwilkie@joneskeller.com>; Stu Bennett <sbennett@joneskeller.com>
**Subject:** RE: Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

I have yet to receive a response to the below email.

Please advise as to how we can obtain copies of Plaintiffs' initial disclosure documents in the above-numbered Delta bankruptcy adversary cases.

Best,

Aaron

# JONES&KELLER

**Aaron Goldhamer**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

**From:** Aaron Goldhamer
**Sent:** Friday, January 18, 2013 12:25 PM
**To:** 'anthony.clark@skadden.com'; 'ron.meisler@skadden.com'
**Cc:** Barry Wilkie; Stuart N. Bennett (sbennett@joneskeller.com)
**Subject:** Initial Disclosure Documents in Adv. Pro. Nos. 12-50898, 12-50876, and 12-50877

Dear Counsel,

Please send, via email or to the below mailing address, copies of the documents disclosed in Plaintiff's initial disclosures in the above-numbered adversary proceedings related to the Delta Petroleum bankruptcy.

Thanks, and have a great weekend.

Best regards,

Aaron Goldhamer

# JONES&KELLER

**Aaron Goldhamer**
Attorney at Law
1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1695 | F: 303.573.8133
JONES&KELLER, P.C.
agoldhamer@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

-------------------------------------------------------------------------
*************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*************************************************
*************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*************************************************

# Exhibit 6

## Barry Wilkie

**From:** Stu Bennett
**Sent:** Wednesday, February 20, 2013 10:30 AM
**To:** Clark, Anthony W (Anthony.Clark@skadden.com); Peguero, Kristhy M (Kristhy.Peguero@skadden.com)
**Cc:** Barry Wilkie
**Subject:** Par v. BWAB and Larson

Tony and Kristhy:

I'm following up on our conversation on 2/14. You were going to provide further disclosure documents this week as well as respond to our request to speak with Kevin Nanke. We haven't heard anything further from you and would like to know how soon we can expect a response.

We are going to need additional time to respond to the pending summary judgments but at present don't know how much because of these outstanding issues.

Finally, where are you in getting the amendment to the scheduling order filed?

Look forward to hearing from you.

Stu

## JONES&KELLER

**Stuart N. Bennett**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600  D: 303.785.1616  F: 303.573.8133
JONES&KELLER, P.C.
sbennett@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

**Barry Wilkie**

| | |
|---|---|
| **From:** | Stu Bennett |
| **Sent:** | Friday, February 22, 2013 11:00 AM |
| **To:** | Clark, Anthony W (Anthony.Clark@skadden.com) |
| **Cc:** | Barry Wilkie |
| **Subject:** | Par v. BWAB and Larson |

Tony,

I left you a voice message today inquiring about three things:

1. Have you located the transmittal documentation that accompanying Whiting's transfer of funds to Delta. It seems likely they would have been electronic and we're seeking their disclosure.

2. We haven't heard your position on our interviewing Mr. Nanke, who likely will know the answer to number 1, above.

3. Do you oppose an extension of two weeks from 2/26 to respond to the pending motions for summary judgment. Assuming we can get answers to the first two questions soon, we don't think we will need any more time than 2 weeks. If we can't get answers to these two questions we may move under Rule 56(d) to defer any further briefing pending further discovery on these issues.

May we hear from you today concerning your position? Thanks.

Stu

# JONES & KELLER

**Stuart N. Bennett**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1616 | F: 303.573.8133

JONES & KELLER, P.C.
sbennett@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

# Exhibit 7

**Barry Wilkie**

| | |
|---|---|
| **From:** | Lemisch, Raymond H. <rlemisch@Beneschlaw.com> |
| **Sent:** | Monday, February 25, 2013 8:11 AM |
| **To:** | Clark, Anthony W (Anthony.Clark@skadden.com) |
| **Cc:** | Stu Bennett; Barry Wilkie |
| **Subject:** | Extension of time for BWAB and Larson to respond to Summary Judgment motion |

Tony,

I know you have been communicating with Stu about additional information BWAB and Larson are seeking in this matter in order to respond to the summary judgment motions you filed—1) the transmittal documentation accompanying Whiting's transfer of funds to Delta and 2) an opportunity to interview Mr. Nanke. I also know that Stu has asked for a two week extension from 2/26 for BWAB and Larson to respond to the summary judgment motions, in order to get such documents and to conduct such interview.

I wanted you to be aware that given that tomorrow is our deadline to respond to the summary judgment motions, absent consent to the requested extension, we will file motions for an extension this afternoon.

Regards,

Ray


Raymond H. Lemisch, Esquire

Benesch, Friedlander, Coplan & Aronoff LLP

RLemisch@beneschlaw.com

www.beneschlaw.com

Bio: http://www.beneschlaw.com/rlemisch

**WilmingtonOffice:**

PNC Bank Center

222 Delaware Avenue, Suite801

Wilmington, DE 19801

(302) 442-7005 (Direct)

(302) 442-7012 (Fax)

(215) 292-1544 (Cell)

**PhiladelphiaOffice:**

OneLiberty Place

1650 Market Street, Suite 3650

Philadelphia, PA 19103

(267) 207-2947 (Direct)

(267) 207-2949(Fax)

Confidentiality Note: This message is intended for use only by the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately at (302) 442-7010. Thank you.

**Barry Wilkie**

| | |
|---|---|
| **From:** | Clark, Anthony W <Anthony.Clark@skadden.com> |
| **Sent:** | Monday, February 25, 2013 11:28 AM |
| **To:** | 'Lemisch, Raymond H.' |
| **Cc:** | Stu Bennett; Barry Wilkie |
| **Subject:** | RE: Extension of time for BWAB and Larson to respond to Summary Judgment motion |

Ray –

With respect to the transmittal documentation accompanying Whiting's transfer of funds to Delta, we are checking with our clients and will get back to you.

Regarding the debtors' former employee, Mr. Nanke, plaintiffs do not consent to any ex parte, or off the record, communication with him by the defendants or their representatives.

Regarding briefing on plaintiffs' summary judgment motion, we agree to extend the defendants' time to file/serve their answering papers to 3/12/2013, and ask that plaintiffs' time to reply be extended to 3/26/2013.  Please let me know if that is agreeable.

*Tony*

**Anthony W. Clark**
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square | P.O. Box 636 | Wilmington | Delaware | 19899-0636
T: 302.651.3080 | F: 302.434.3080 | M: 610.563.5456
anthony.clark@skadden.com

**From:** Lemisch, Raymond H. [mailto:rlemisch@Beneschlaw.com]
**Sent:** Monday, February 25, 2013 11:19 AM
**To:** Clark, Anthony W (WIL)
**Cc:** 'Stu Bennett' (sbennett@joneskeller.com); 'Barry Wilkie'
**Subject:** RE: Extension of time for BWAB and Larson to respond to Summary Judgment motion

Thanks, Tony.

**From:** Clark, Anthony W [mailto:Anthony.Clark@skadden.com]
**Sent:** Monday, February 25, 2013 11:01 AM
**To:** Lemisch, Raymond H.
**Cc:** 'Stu Bennett' (sbennett@joneskeller.com); 'Barry Wilkie'
**Subject:** RE: Extension of time for BWAB and Larson to respond to Summary Judgment motion

Ray – I am checking with my clients and will get back to you today on this, but, in the meantime, will agree to extend your MSJ response time beyond tomorrow, so there is no need to file an extension motion.

*Tony*

**Anthony W. Clark**
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square | P.O. Box 636 | Wilmington | Delaware | 19899-0636
T: 302.651.3080 | F: 302.434.3080 | M: 610.563.5456
anthony.clark@skadden.com

1

Skadden

**From:** Lemisch, Raymond H. [mailto:rlemisch@Beneschlaw.com]
**Sent:** Monday, February 25, 2013 10:11 AM
**To:** Clark, Anthony W (WIL)
**Cc:** 'Stu Bennett' (sbennett@joneskeller.com); 'Barry Wilkie'
**Subject:** Extension of time for BWAB and Larson to respond to Summary Judgment motion

Tony,

I know you have been communicating with Stu about additional information BWAB and Larson are seeking in this matter in order to respond to the summary judgment motions you filed—1) the transmittal documentation accompanying Whiting's transfer of funds to Delta and 2) an opportunity to interview Mr. Nanke.. I also know that Stu has asked for a two week extension from 2/26 for BWAB and Larson to respond to the summary judgment motions, in order to get such documents and to conduct such interview.

I wanted you to be aware that given that tomorrow is our deadline to respond to the summary judgment motions, absent consent to the requested extension, we will file motions for an extension this afternoon.

Regards,

Ray

Raymond H. Lemisch, Esquire

Benesch, Friedlander, Coplan & Aronoff LLP

RLemisch@beneschlaw.com

www.beneschlaw.com

Bio: http://www.beneschlaw.com/rlemisch

**WilmingtonOffice:**

PNC Bank Center

222 Delaware Avenue, Suite801

Wilmington, DE 19801

(302) 442-7005 (Direct)

(302) 442-7012 (Fax)

(215) 292-1544 (Cell)

**PhiladelphiaOffice:**

OneLiberty Place

1650 Market Street, Suite 3650

Philadelphia, PA 19103

(267) 207-2947 (Direct)

(267) 207-2949 (Fax)

Confidentiality Note: This message is intended for use only by the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately at (302) 442-7010. Thank you.

--------------------------------------------------------------------
********************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
********************************************************
********************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
********************************************************
========================================================

--------------------------------------------------------------------
********************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
********************************************************
********************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************
================================================
================================================

# Exhibit 8

**Barry Wilkie**

| | |
|---|---|
| **From:** | Barry Wilkie |
| **Sent:** | Friday, February 15, 2013 2:32 PM |
| **To:** | Harold G. Morris Jr. (hmorris@lindquist.com) |
| **Cc:** | Stu Bennett; Tammy L. Harris (tharris@joneskeller.com) |
| **Subject:** | Delta v BWAB |
| **Attachments:** | Dkt 35 - BWAB Brief in Support-c.pdf; Dkt 36 - Bullock Dec - BWAB-c.pdf |

Hal: We would like to interview Whiting next week and perhaps obtain an affidavit in connection with the attached Motion for Summary Judgment and Bullock Declaration. In particular we are looking for testimony about the meaning and intent of language in the 1994 BWAB ORRI from Whiting (in particular from John Hazlett), the payments of production revenues to Whiting from the Point Arguello properties ("Point A Properties") and subsequent transfers to Delta, Delta's assumption of the 1994 BWAB ORRi obligations and the working relationship between Delta and Whiting in connection with the operation of such properties. It had been our intention to contact you to arrange to obtain documents, and testimony or affidavits from Whiting after we received all of Delta's Rule 26 disclosure documents and responses to written discovery from Delta, but they filed the attached motion before either occurred.

# JONES&KELLER

**Barry L. Wilkie**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1609 | F: 303.573.8133
JONES&KELLER, P.C.
bwilkie@joneskeller.com
www.joneskeller.com

**NOTICE**: THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. (The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice)

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

# **Exhibit 9**

**Barry Wilkie**

| | |
|---|---|
| **From:** | Harold G. Morris <hmorris@lindquist.com> |
| **Sent:** | Monday, February 18, 2013 3:39 PM |
| **To:** | Barry Wilkie |
| **Cc:** | Stu Bennett; Tammy Harris |
| **Subject:** | RE: Delta v BWAB |

Barry:  While Whiting would like to accommodate your request, given that the matter is in litigation, we think it would be preferable to proceed through formal discovery.  In addition, I am informed that Mr Hazlett passed away last fall, so we will have to try and figure out who else might be knowledgeable about these matters.  Best regards, Hal

Hal Morris
Lindquist & Vennum LLP
600 Seventeenth Street, #1800-S
Denver, CO 80202

Direct Line:  303.454.0510
Facsimile:    303.573.1956

**From:** Barry Wilkie [mailto:bwilkie@joneskeller.com]
**Sent:** Friday, February 15, 2013 2:32 PM
**To:** Harold G. Morris
**Cc:** Stu Bennett; Tammy Harris
**Subject:** Delta v BWAB

Hal: We would like to interview Whiting next week and perhaps obtain an affidavit in connection with the attached Motion for Summary Judgment and Bullock Declaration. In particular we are looking for testimony about the meaning and intent of language in the 1994 BWAB ORRI from Whiting (in particular from John Hazlett),  the payments of production revenues to Whiting  from the Point Arguello properties ("Point A Properties")  and subsequent transfers to Delta, Delta's assumption of the 1994 BWAB ORRi obligations and the working relationship between Delta and Whiting in connection with the operation of such properties. It had been our intention to contact you to arrange to obtain documents, and testimony or affidavits from Whiting after we received all of  Delta's Rule 26 disclosure documents and  responses to written discovery from Delta,  but they filed the attached motion before either occurred.

# JONES&KELLER

**Barry L. Wilkie**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1609 | F: 303.573.8133

**JONES&KELLER, P.C.**

bwilkie@joneskeller.com
www.joneskeller.com

**NOTICE**: THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. (The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice)

CONFIDENTIALITY NOTICE

This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

NOTICES

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that, except to the extent expressly provided to the contrary, any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This e-mail message and any files transmitted with it are confidential and may be subject to attorney-client privilege or work-product protection, and should not be read or distributed by anyone other than an intended recipient. If you received this by mistake, please notify us by replying to the message, and then delete it.

# Exhibit 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - -     x
                                                  :
In re:                                            :     Chapter 11
                                                  :
DELTA PETROLUEM, et al.,                          :     Case No. 11-14006 (KJC)
                                                  :
             Debtors.                             :     Jointly Administered
                                                  ::
- - - - - - - - - - - - - - - - - - - - - - -     x
DELTA PETROLEUM GENERAL                           :
RECOVERY TRUST, and PAR                           :
PETROLEUM CORPORATION,                            :
                                                  :     Adv. Pro No. 12-50877 (KJC)
             Plaintiffs,                           :
                                                  :
v.                                                :
                                                  :
ALERON LARSON, JR.,                               :
                                                  :
             Defendant, Counterclaimant.  x
```

**ALERON LARSON, JR.'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO
DELTA PETROLEUM GENERAL RECOVERY TRUST**

Aleron Larson, Jr. ("Larson"), by and through undersigned counsel, in accordance with

Federal Rules of Civil Procedure 33, 34 and 36, incorporated herein through Federal Rules of

Bankruptcy Procedure 7033, 7034 and 7036, hereby propounds these First Written Discovery

Requests to Delta Petroleum General Recovery Trust:

## INSTRUCTIONS AND DEFINITIONS

1.      In answering the following discovery requests, produce all of the requested

information and documents in your possession, custody, or control.

2.      The discovery requests are ongoing.  If any information or documents come to

your attention or into your possession, custody, or control after you have filed your response, and

that information or those documents were not included in your response, such information and/or

documents must be promptly furnished to the undersigned.

3.    The term "include" means including but not limited to.

4.    The term "describe" means a comprehensive, accurate, and detailed description of information requested in the propounded interrogatory.

5.    The term "documents" means all manner of written, typewritten, printed, or recorded material whatsoever, including any graphic, mechanical, or electrical recordings of any kind, correspondence, letters, telegrams, memoranda, notes, transcriptions of notes, calendars, diaries, minutes or records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, inter-office and intra-office communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer printouts, computer storage media of all kinds, email, teletypes, telefax, invoices, worksheets, drawings, plans, specifications, publications, pictures, blueprints, schematics, tape recordings, transcription of recordings, video recordings, log books, business records, and all drafts, alterations, modifications, changes and amendments or non-identical copies of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.

6.    The term "identify" when related to a person means provide that person's name, address, telephone number, and present employer if known. When related to a document, it means provide the title, the date of execution, the drafter, the intended recipient, and any signatories. When related to an oral statement, it means provide the speaker(s), the recipient(s), all witnesses thereto, the date of said statement, and the content of said statement. When related to testimony, it means to state the date of the testimony, the type of testimony, the case name and

number, and court or other forum in which the testimony was given. When related to anything else, it retains its ordinary dictionary definition.

7.    If you consider any document or communication to be privileged, with regard to such document, provide the following information:

    a.  Describe the contents generally and the date of the document or communication;

    b.  Explain fully the basis for the claimed privilege;

    c.  Identify the author or maker and all signatures on the document;

    d.  Identify all persons or non-persons who have, or have had, access to such matter or documents; and

    e.  Identify the custodian of the original and all copies of the document.

8.    If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

9.    "You" or "your" refers to Delta Petroleum General Recovery Trust.

10.    "Delta" refers to Delta Petroleum Corporation.

11.    "BWAB" refers to BWAB Limited Liability Company.

12.    "Larson" refers to Aleron H. Larson, Jr.

13.    "Whiting" refers to Whiting Petroleum Corporation.

14.    The term "Emergency Motion" shall mean the "Emergency Motion of Reorganized Debtors and Delta Petroleum General Recovery Trust for Entry of an Order Enforcing the Provisions of Debtors' Confirmed Plan and the Confirmation Order," (henceforth "Emergency Motion") filed November 30, 2012 in this case.

15.    The term "1994 BWAB ORRI" shall mean the document which was attached as Exhibit D to the Emergency Motion.

3

16.    The term "Operator" has the same meaning as the meaning of that term in the 1994 BWAB ORRI.

17.    The term "1999 BWAB ORRI" shall mean the document which was attached as Exhibit E to the Emergency Motion.

18.    The term "1999 Larson ORRI" shall mean the document which was attached as Exhibit F to the Emergency Motion.

19.    The term "ORRI," when used without the foregoing qualifiers, shall mean overriding royalty interest.

20.    The term "1999 NOI" shall mean the Net Operating Interest conveyed from Whiting to Delta in 1999, a copy of which is attached as Exhibit 1 hereto.

21.    The term "1996 Point A Unit Agreement" shall mean the unit agreement referred to on the last page of the 1999 NOI.

22.    The term "1996 Point A Operating Agreement" shall mean the operating agreement referred to on the last page of the 1999 NOI.

23.    "Point A Properties" shall mean the property described in the 1999 NOI.

24.    "Point A Unit" or "Unit" shall mean the oil and gas leases and other property which is subject to the 1999 Point A Unit Agreement.

25.    The term "Francis ORRI" shall mean the overriding royalty interest, a copy of which is attached as Exhibit 2 hereto.

## INTERROGATORIES

1.    Identify each agreement among the working interest owners of the Point A Unit relating to the formation and/or operation of the Unit and all documents assigning any interest therein to Delta, Delta's assumption of any obligations thereunder and any working interest

4

owners consent to Delta's assumption of such obligations, and every document evidencing those agreements, assumptions, and consents.

2.    Identify each assignment to Delta of any interest in the Point A Unit, any consent to such assignment by any working interest owner and the recording or filing information, if any, where such assignment was recorded in the real property records of any United States state county or filed with any federal agency.

3.    If any conveyances of interests have occurred since 1994 which affect the 1994 BWAB ORRI, 1999 BWAB ORRI, and 1999 Larson ORRI, please describe those conveyances and identify all documents evidencing those conveyances.

4.    Did Delta's representatives attend meetings or participate in telephone conferences, with one or more of the working interest owners as to operations on the Point A Unit, or provide any input into decisions with respect to operations by the working interest owners?  If Delta provided any input into such decisions, describe how and by whom was such information provided and identify all documents reflecting that input, including minutes of any operating committee or other meeting of working interest owners.

5.    Identify all documents that evidence any transfer of funds from Whiting to Delta from 1999 to  the present with respect to the Point A Unit, including all wire transfers, checks, vouchers, invoices, billing statements, account records, and cover letters transmitting same.

6.    Identify all documents evidencing amounts due to Delta, Larson or BWAB from 1994 to the present from the sale of oil and gas produced by the Point A Properties.

7.    Identify all documents on which you rely in support of any claim that any ORRI owner was overpaid with respect to its interest in the production from the Point A properties.

8.    Have you or did Delta received any conveyance of any interest relating to the

7571209 v1

Point A Properties from Whiting other than the 1999 NOI?  If so, please describe the conveyance and identify all documents evidencing the conveyance.

9.    Please describe, including date and amount, all payments related to any overriding royalty interests in oil or natural gas production in the Point A Unit which Delta distributed and describe how those interests were calculated.

10.    Please describe, including date and amount, all overriding royalty interests in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which Delta continued to pay during the pendency of its bankruptcy.

11.    Please describe, including date and amount, all overriding royalty interests in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which Reorganized Debtors continued to pay after August 31, 2012, and identify all documents evidencing those overriding royalty interests and their recording in the real property records of any United States state or county or filing with any federal agency.

12.    Please describe what information was available to a hypothetical bona fide purchaser, in the exercise of reasonable prudence, of Delta's ownership of the Point A Properties.

13.    Are your responses to the requests for admission propounded to you in this case anything besides an unqualified admission?  If so, please (a) identify the number of the request for admission; (b) state all facts upon which you base your response; (c) identify each person who has knowledge of those facts; (d) identify all documents and other tangible things that support your response and identify the person who has custody, possession, or control over each document or thing.

6

14.     Set forth the amount of each payment by Delta or PAR to Kaiser-Francis Oil Company, or its successor, in connections with the Francis ORRI since January 1, 2012, and include the date of each payment.

15.     Please describe, including dates and amounts, the money that you have received that is attributable to the 1999 Larson ORRI from the time period between August 31, 2012 and December 21, 2012.

## REQUESTS FOR PRODUCTION

1.     Please produce all documents identified in response to interrogatories propounded to you in this case.

2.     Produce all emails, correspondence or other written communications between Delta and Whiting relating to the Point A Unit.

3.     With respect to the Point A Unit, produce all ledgers, books of account, accounting entries, joint interest billings, records of payments to joint interest owners, ORRI owners whether in electronic or paper format.

4.     Produce all checks, wire transfers or other documents reflecting payments to Whiting by Delta on account of any negative cash flow in the Point Arguello Properties as required under the 1999 NOI.

5.     Produce all records, workpapers, adjustments, journal entries or other records relating to the "audit" of Delta's payments to ORRI owners described in the Declaration of Seth Bullock.

6.     Produce all emails, correspondence, notes or other documents reflecting communications with any present or former Delta employee concerning the calculation of amounts to ORRI owners in the Point Arguello Properties and any alleged error in such

7

7571209 v1