**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
In re:                                                   :        Chapter 11
                                                         :
DELTA PETROLEUM CORPORATION, <u>et</u> :        Case No. 11-14006 (KJC)
<u>al.</u>,                                               :
                                                         :        Jointly Administered
                            Debtors.                     :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
DELTA PETROLEUM GENERAL                                   :
RECOVERY TRUST                                            :
AND                                                      :
PAR PETROLEUM CORPORATION,                                :
                                                         :        Adv. Pro. No. 12-50877 (KJC)
                            Plaintiffs,                   :
                                                         :
        v.                                               :
                                                         :
ALERON LARSON, JR.,                                      :
                                                         :
                            Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -- x

**PLAINTIFFS' OBJECTION TO ALERON LARSON JR.'S MOTION TO
PERMIT DISCOVERY PURSUANT TO FED. R. BANKR. P. 7056 AND FED.
R. CIV. P. 56(d) PRIOR TO DECISION REGARDING PLAINTIFFS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Delta Petroleum General Recovery Trust (the "Trust") and Par

Petroleum Corporation ("Par," and with the Trust, "Plaintiffs"), by their undersigned

counsel, hereby object to Aleron Larson, Jr.'s Motion to Permit Discovery Pursuant

to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding

Plaintiffs' Motion for Summary Judgment (Docket No. 45) (the "Motion") and the

Declaration of Barry L. Wilkie in support of the Motion (the "Declaration").  In

support of their objection, Plaintiffs respectfully represent as follows:

## PRELIMINARY STATEMENT[1]

Defendant Larson complains that "Plaintiffs' rush to summary judgment is premature, especially in light of their recalcitrance to produce relevant documents." (Motion at 6) Thus, the thrust of the Motion is that Larson wants "discovery and supplemental briefing" on Plaintiffs' summary judgment motion to "continue for an additional ninety days prior to [the Court] otherwise ruling on Plaintiffs' Motion[.]" (Motion at 2-3) But Larson conveniently ignores that (i) Plaintiffs filed their summary judgment motion as expressly permitted under the scheduling orders that Larson himself negotiated and agreed to, (ii) under those same orders, Larson can take whatever discovery he needs, so long as it is completed by May 31, 2013, yet (iii) Larson sat on his hands for months and failed to notice any discovery until he filed the instant Motion and his response to Plaintiffs' summary judgment motion.

These indisputable facts reveal Larson's Motion for what it truly is – a tactical effort to obfuscate and delay the day of reckoning on the merits of Plaintiffs' claims. The Motion should be denied, and the Court should proceed expeditiously to hear, determine, and grant Plaintiffs' summary judgment motion.

---

[1]    Terms not otherwise defined herein shall have the meanings ascribed to them in Plaintiffs' summary judgment motion.

**BACKGROUND**

On September 21, 2012, the Trust, on behalf of itself and Par and its affiliates, filed an adversary complaint against Larson.  (Adv. D.I. 1)  On October 25, 2012, Larson answered and asserted affirmative defenses.  (Adv. D.I. 5)  On January 4, 2013, Plaintiffs filed an amended complaint (which, among other things, added Par as a plaintiff) (Adv. D.I. 23), to which Larson filed his answer, affirmative defenses and counterclaims on January 18, 2013.  (Adv. D.I. 26)

Larson and Plaintiffs negotiated and agreed to a stipulated scheduling order, entered by the Court on December 26, 2012 (Adv. D.I. 20), which provided (¶ 10) that "any party [can] fil[e] a dispositive motion prior to the close of all discovery[.]"  As Larson notes (Motion at 3), Plaintiffs served their Rule 26 initial disclosures on January 16, 2013, as required under the scheduling order.[2]  The parties subsequently agreed to an amended scheduling order, entered by the Court on February 25, 2013 (Adv. D.I.  40), requiring fact discovery to be completed by May 31, 2013.

---

[2]    The Motion (at 3) also claims, incorrectly, that Plaintiffs' "disclosures stated that copies of [Plaintiffs'] disclosed documents could be obtained by contacting Plaintiffs' counsel." Rather, as Rule 26(a)(1)(ii) provides, Plaintiffs' disclosures (at p. 6) "provide[d] to [Larson] … a description by category and location … of all documents … that [Plaintiffs] ha[ve] in [their] possession, custody, or control and may use to support [their] claims or defenses[.]"  Nothing in Rule 26 required Plaintiffs to produce these documents, or any others, to Larson absent a proper document request under Rule 34, and Plaintiffs' initial disclosures did not otherwise volunteer to do so.  Nevertheless, as Larson admits (Motion at 3-4), Plaintiffs did in fact provide copies of their initial disclosure documents – some 2,400 pages' worth – in response to Larson's informal requests.

3

On February 12, 2013, Plaintiffs moved for summary judgment and filed their opening memorandum of law and supporting declarations. (Adv. D.I. 34-37)  Larson requested an additional two weeks (for a total of one month) to respond to the summary judgment motion, and Plaintiffs agreed. (*See* Adv. D.I. 41, 42)

During the two and a half months following entry of the December 26th scheduling order, Larson sought no formal discovery whatsoever.  Finally, on March 11, 2013 – the day before Larson's response to Plaintiffs' summary judgment motion was due – Larson served Plaintiffs with written discovery requests.[3] (Adv. D.I. 43)  By this Motion, Larson now seeks, without good cause, to forestall Plaintiffs' summary judgment motion and extend the agreed upon and Court-ordered discovery completion date.  As explained below, the Motion should be denied.

---

[3]  In weighing Larson's assertion that Plaintiffs "have not provided pertinent discovery" (Motion at 2), the Court should consider when Larson requested the discovery he is complaining about, and the fact that Plaintiffs' responses to it are not yet due.

## ARGUMENT

**I.      The Discovery Larson Seeks Is Not Necessary For Disposition Of
Plaintiffs' Summary Judgment Motion.**

As Larson acknowledges, "[a] Rule 56(d) motion 'must specify what
particular information is sought; how, if uncovered, it would preclude summary
judgment; and why it has not previously been obtained.'" Motion at 5 (*quoting
Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, 2011 WL 2516522 at *10 (D.
Del. 2011)); *see also Hancock Industries v. Schaeffer*, 811 F.2d 225, 230 (3d Cir.
1987) (motion insufficient because it failed to explain need for discovery and to
identify particular facts hoped to be uncovered).  Instead of specifying exactly what
information is sought and how it would preclude summary judgment, Larson
provides only conjecture and speculation.

While acknowledging that Plaintiffs, in response to Larson's informal
document requests, have produced documents concerning the manner in which Delta
received payments from Whiting, Larson complains that "it is unknown as to
whether and to what extent other documents may exist."  (Motion at 6)  This bald
insinuation – based on nothing more than Larson's self-induced ignorance and
tactical decision not to pursue discovery for as long as possible – does not justify a
delay in considering Plaintiffs' summary judgment motion.

Larson then indicates that he seeks additional documents relating to
the payments from Whiting to Delta and Delta's communications with Whiting.

(Motion at 7)  For precisely what purpose, he never says.

Alternatively, Larson hypothesizes that "other documents may bolster Larson's affirmative defenses of estoppel, laches, unclean hands, and waiver…." (Motion at 7)  This statement provides absolutely no detail regarding what Larson hopes to uncover and relies upon pure speculation as to existence of documents which may or may not aid in Larson's defense.  "A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) [now Rule 56(d)] affidavit, if it deems the request to be based on speculation as to what potentially could be discovered."  *See Paddington Ptrs. v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

Here, Larson relies on just such speculation.  The documents Plaintiffs have produced, from early 2010 to late 2012, show that Whiting's account ledger calculated only the amount payable to or from Delta, and Delta itself calculated the amount attributable to Larson's interest.  There is no indication that documents showing any other arrangement exist.  And even if such documents did exist, Larson fails to explain how such parole evidence could defeat Plaintiffs' summary judgment motion based on the clear, unambiguous language of the operative agreements.

Larson also seeks communications between Whiting and Delta to determine whether, when the assignment of the 1999 interest to Larson was negotiated, the parties considered the conveyance to be a real property interest.

6

(Motion at 7-8)  Here again, Larson relies upon rank speculation that documents supporting his position may exist, but even if they did, they are not relevant to the Court's interpretation, as a matter of law, of the unambiguous agreement at issue.

Lastly, Larson seeks to depose Seth Bullock, Plaintiffs' declarant, and Kevin Nanke, a former Delta officer (*see* Motion at 2, 7), and is free to do so within the time provided in the amended scheduling order, but that discovery is not necessary to decide Plaintiffs' summary judgment motion.  As for Mr. Bullock, Larson does not even attempt to explain how his testimony would impact Plaintiffs' summary judgment motion, which concerns the legal interpretation of Larson's 1999 agreement, the Plan and the Bar Date Order.  (*See id.* at 7)  As for Mr. Nanke, Larson simply declares that he in "all likelihood may have" knowledge relevant to the claims at issue.  (Motion at 2)  Again, these bare assertions and speculation as to the existence of relevant evidence is insufficient to support the Motion.  *See* 11 Moore's Federal Practice § 56.102[2] at 56-272 (3d ed. 2011) ("Specific facts sought must be identified.  Mere speculation that there is some relevant evidence not yet discovered will never suffice.").

Plaintiffs are entitled to summary judgment for the reasons set forth in their supporting memorandum of law.  Larson's proclaimed need for additional information is a transparent pretext to forestall the Court's determination of the central issues on the legal merits.  His Motion should be denied.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order denying Larson's Motion in all respects and granting Plaintiffs such other relief as is just and proper.

Dated:        March 26, 2013
              Wilmington, Delaware

/s/ Anthony W. Clark
Anthony W. Clark (I.D. No. 2051)
Kristhy M. Peguero (I.D. No. 4903)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Ron E. Meisler
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*

8

710643-WILSR01A - MSW