**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------- x
:
In re:                          :    Chapter 11
:
DELTA PETROLUEM, <u>et</u> <u>al.</u>,     :    Case No. 11-14006 (KJC)
:
Debtors.              :    Jointly Administered
:
------------------------------- x
DELTA PETROLEUM GENERAL         :
RECOVERY TRUST, and PAR         :
PETROLEUM CORPORATION,          :
:
:    Adv. Pro No. 12-50877 (KJC)
Plaintiffs,           :
v.                              :
:
ALERON LARSON, JR.,             :
:
Defendant, Counterclaimant.   :
------------------------------- x

**ALERON LARSON JR.'S REPLY IN SUPPORT OF MOTION TO PERMIT DISCOVERY PURSUANT TO FED. R. BANKR. P. 7056 AND FED. R. CIV. P. 56(d) PRIOR TO DECISION REGARDING
<u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Adv. D.I. 35, 45)</u>**

Aleron Larson, Jr. ("Larson") by and through his attorneys, for his Reply in Support of Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment ("56(d) Motion"), and with reference to the capitalized terms defined therein, states as follows:

**I.    INTRODUCTION**

After Larson filed his 56(d) Motion (Adv. D.I. 45), Plaintiffs filed an Objection thereto (Adv. D.I. 48, henceforth "Objection") which wrongly accuses Larson of

attempting to "obfuscate" the merits-adjudication of this dispute. Objection at 2. This contention is meritless and the opposite is true: it is Plaintiffs who desire to conceal the facts and obtain summary judgment on an incomplete record prior to the close of discovery. If the Court does not otherwise deny Plaintiffs' Motion for Summary Judgment, Larson seeks only the opportunity to fully develop the facts and expose Plaintiffs' claims for what they truly are: bald-faced assertions that are not supported by any witness having actual knowledge of the facts. The Court should refuse to condone Plaintiffs' attempt to obscure the facts in this case and instead grant the 56(d) Motion.

Plaintiffs' Objection raises essentially two grounds for denying the 56(d) Motion. First, Plaintiffs suggest that Larson delayed two and one-half months in seeking discovery and that there is not good cause for delaying ruling on the summary judgment for that reason. In response, Larson would show that any minimal delay in commencement of discovery was largely due to Plaintiffs' slow performance of their Rule 26(a)(1) obligations. More importantly, Larson's discovery is timely under the scheduling order, and the timing of the sought-after discovery does not constitute grounds for denying the 56(d) Motion.

Second, Plaintiffs argue that Larson's discovery is not necessary for determination of Plaintiffs' summary judgment motion because the relevant transactions in this case are unambiguous and thus compel denial of the 56(d) Motion. The Court has not, however, ruled that the relevant transaction documents are unambiguous in the way Plaintiffs urge, and Plaintiffs' own inconsistent characterization of the transactions suggests it should not do so.

Finally, the Objection fails to distinguish applicable law which holds that the 56(d) Motion should be granted as a matter of course. For these reasons, the Court should grant the 56(d) Motion.

## II.     ARGUMENT

### A. Plaintiffs' own pleadings demonstrate that the conveyances at issue do not have the unambiguous meaning for which Plaintiffs now argue.

Plaintiffs intone throughout their Objection that that the language of the operative agreements is "clear" and "unambiguous" and therefore the discovery is unnecessary and compels denial of the 56(d) Motion. *See* Objection at 6-7. Plaintiffs' talismanic repetition of these terms does not magically transform the plain language of real property conveyance into something else. As Larson demonstrated in his Opposition to Plaintiffs' Motion for Summary Judgment, the language at issue in the 1999 NOI is plainly language of conveyance of real property. As described in the original Complaint, the Recovery Trust (the sole original plaintiff) apparently agreed that the 1999 NOI was a conveyance of real property and sought to avoid the interest as a real property interest under Section 544(a)(3). *See* Adv. D.I. 1. The Recovery Trust originally alleged only "[i]n the <u>alternative</u>" that the 1999 NOI was a contract right that was extinguished pursuant to its claim-stripping theory. *See id.* at ¶¶ 1-2 (emphasis added). Thus, Plaintiffs' own pleadings undermine their current assertion that the operative documents are unambiguous with respect to the theory they now prefer.[1] To conclusively demonstrate the documents at issue are truly conveyances of real property—or to at least

---

[1] Plaintiffs' reversal of course with respect to the real or personal property nature of Larson's ORRIs is of course not the only about-face that Plaintiffs have undertaken in this case. Plaintiffs have additionally contradicted Delta's earlier statement that the ORRIs should be paid in "the ordinary course of business" (*see* D.I. 9 at ¶ 14) but now aver that those payments were fraudulent transfers. Permitting the discovery sought by the 56(d) Motion may force Plaintiffs to finally crystalize their ever-changing positions.

3

inform the meaning of those documents if the Court deems them ambiguous—Larson has sought the requested discovery.

> **B. The delay in the commencement of formal discovery is Plaintiffs' fault, not Larson's; regardless, the delay does not justify denying the 56(d) Motion.**

Plaintiffs repeatedly assert that the two and a half month interim between the entry of the scheduling order in this case and service of Larson's formal discovery requests somehow compels denial of the 56(d) Motion.  Objection at 2, 4, and 5.  This interval was due to (i) Plaintiffs' January 4, 2013 amendment of their Complaint (Adv. D.I. 23) following entry of the scheduling order, such that Larson's answer thereto (Adv. D.I. 26) was not due until January 18, 2013, (ii) Plaintiffs' delayed and rolling production of its initial disclosure documents—concerning which Plaintiffs groundlessly insisted on a protective order, entailing further delay—that dribbled out between Larson's January 18 request for those documents and March 7 (*see* 56(d) Motion at § II, ¶¶ 1-8), and (iii) Plaintiffs' objection to informal discovery (*see* 56(d) Motion at § II, ¶ 9).  Plaintiffs cannot defeat the 56(d) Motion based on delay of their own making.[2]  Nor can Plaintiffs rely on Larson's initial agreement to the scheduling order as grounds for denial of the 56(d) Motion, as Plaintiffs' own delay was interposed after Larson's agreement and is part of the reason the 56(d) Motion is necessary.

---

[2] Furthermore, Plaintiffs curiously claim it was incorrect for Larson to state that Plaintiffs' "'disclosures stated that copies of [Plaintiffs'] disclosed documents could be obtained by contacting Plaintiffs' counsel.'" Objection at 3 n. 2.  However, Plaintiffs' disclosures stated that "Hardcopy and electronic documents…**can be obtained** from the Reorganized Debtors through their office…or have been provided to Skadden, Arps, Slate, Meagher & Flom LLP…." See Wilkie Dec. at Exh. 1, p. 6 (emphasis added).  As Plaintiffs' disclosures forbade BWAB's contact with Plaintiffs' employees (*see* Wilkie Dec. at Exh. 1, p. 4), F.R.C.P. 26(a)(1)(A)(ii) contemplates the disclosure of copies of documents without a discovery request, and Plaintiffs in fact belatedly produced documents in the absence of a formal discovery request, Plaintiffs cannot credibly claim that their slow-playing of the exchange of disclosure documents did not cause the discovery delays about which they now complain in their Objection.

4

In any event, the two and a half month interim pales in comparison to the nearly <u>nine months</u> between Delta's post-petition assertion on December 16, 2011 that it wanted to honor Larson's ORRIs "in the ordinary course of business" (*see* D.I. 9 at ¶ 14) and Plaintiffs' contention, for the first time, in their original Complaint filed September 26, 2012 that those payments were improper. Indeed, it is Plaintiffs—not Larson—that have "sat on [their] hands…." Objection at 2. Plaintiffs are in no position to complain about timeliness.

Regardless of fault for the mere two and one half month interval between the scheduling order and the commencement of formal discovery, this short span of time does not constitute a basis for denial of the 56(d) Motion. Larson served his discovery on March 11, 2013, well in advance of the May 31, 2013 deadline for completion of fact discovery. As Plaintiffs' properly note, Larson is diligently pursuing the sought-after depositions referred to in the 56(d) Motion. These depositions are expected to be completed within the current deadline for discovery. The 56(d) Motion's practical effect, then, may only be to permit supplemental briefing based upon the outcome of the sought-after discovery. Only if further motions practice is necessary with respect to the pending discovery will any further expansion of the discovery deadline be necessary.

**C. Plaintiffs fail to distinguish applicable and controlling precedents holding that the 56(d) Motion should be granted "as a matter of course."**

Controlling precedents in the Third Circuit hold that when discovery requests are pending, as they are in this case, courts grant motions to defer consideration of summary judgment—such as the 56(d) Motion—as a "matter of course". *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3rd Cir. 2007). Plaintiffs fail to distinguish this clear rule of law. In their failed attempt to do so, Plaintiffs cite only to a Second Circuit decision

5

which does not control or even inform a decision in this jurisdiction.  *See* Objection at 6 (*citing Paddington Partners v. Bouchard*, 34 F.3d 1132 (2nd Cir. 1994)).

Even if *Paddington Partners* had been a Third Circuit case, however, it would not support denial of the 56(d) Motion; *Paddington Partners* concerned the propriety of the entry of summary judgment where the nonmoving party "did **not** submit…an affidavit pursuant to Rule 56(f), Fed. R. Civ. P. [now Rule 56(d)] explaining why evidence essential to opposing summary judgment could not be presented." 34 F.3d at 1135 (emphasis added).  Obviously that failure of the nonmoving party is not present here.  Not only is *Paddington Partners* not binding, but it pertains to an inapposite factual situation such that the quoted portion in Plaintiffs' Objection is pure dicta.  The Court should grant the 56(d) Motion as a matter of course.

### D. Plaintiffs' Objection demonstrates the Court should permit Larson's depositions prior to entry of summary judgment.

Plaintiffs' Objection appears to admit that they do not have possession of multiple years of account ledgers that pre-date early 2010.  Objection at 6.  Plaintiffs have represented these documents do not exist—yet they nevertheless seek summary judgment in the absence of relevant documents between 1999 and 2009 which could have shed light on the nature of the relevant transactions in this case.  The purported absence of a decade of relevant documents puts additional importance on the depositions that Larson seeks to take.

Plaintiffs rely on the Declaration of Seth Bullock and the ninety-one pages of exhibits attached thereto throughout their Motion for Summary Judgment.  In his 56(d) Motion, Larson provided citation to authority which holds that 56(d) motions should in fact be granted where a movant for summary judgment relies on the affidavit of an

6

individual who has not yet been deposed.  56(d) Motion at 7.  Nevertheless, Plaintiffs assert that Mr. Bullock's deposition is not necessary to decide their motion.  However, Mr. Bullock's deposition will determine whether he has any actual knowledge to support his factual assertions and whether Plaintiffs' Motion for Summary Judgment is based on any admissible evidence at all.  A motion for summary judgment based upon the factual assertions of a witness without personal knowledge cannot be sustained. *Reynolds v. Dep't of Army*, 439 F. App'x 150, 152 (3rd Cir. 2011) (affirming denial of motion for summary judgment that relied on affidavits which "were rife with conclusory statements for which no basis in fact or personal knowledge was ever provided"); F.R.C.P. 56(c)(4) ("An affidavit or declaration used to support…a motion <u>must</u> be made on <u>personal knowledge</u>, set out facts that would be <u>admissible</u> in evidence, and show that the affiant or declarant is <u>competent</u> to testify on the matters stated") (emphasis added) .  As Mr. Bullock himself admits that he is a relative newcomer to this dispute—he arrived at Delta only in late 2011, over a decade after the transaction at issue (*see* Declaration of Seth Bullock at ¶ 1)—there is every reason to believe that he cannot offer any competent evidence at all, and that Plaintiffs' Motion for Summary Judgment must therefore fail.

[THIS SPACE INTENTIONALLY LEFT BLANK]

### III.    CONCLUSION

For the foregoing reasons, and those set forth in the 56(d) Motion, the Court should grant the 56(d) Motion.

Dated April 5, 2013

                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esquire (No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(303) 442-7012 facsimile
rlemisch@beneschlaw.com

– and –

Barry L. Wilkie, Esquire
Stuart N. Bennett, Esquire
**JONES & KELLER, P.C**
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600 telephone
(303) 573-8133 facsimile
bwilkie@joneskeller.com
sbennett@joneskeller.com

*Counsel to Aleron Larson, Jr.*