# Exhibit D to Cross Motion

# JONES & KELLER
## ATTORNEYS AT LAW

STUART N. BENNETT                                                    sbennett@joneskeller.com
Attorney at Law                                                      Direct #  303-785-1616

May 24, 2013

Anthony W. Clark                              Ron E. Meisler
Kristhy M. Peguero                            Skadden, Arps, Slate, Meagher & Flom LLP
Skadden, Arps, Slate, Meagher & Flom LLP      155 N. Wacker Dr.
One Rodney Square                             Chicago, Illinois 60606
P.O. Box 636
Wilmington, Delaware 19899-0636

**RE:** *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. BWAB Limited Liability Company, Adv. Pro. No. 12-50898 (KJC)*

Dear Counsel:

We are writing to confer with you prior to filing a motion to compel further, complete and responsive answers to BWAB's First Set of Written Discovery Requests to Delta Petroleum General Recovery Trust and Par Petroleum (BWAB's Discovery Requests"). The Responses and Objections to BWAB's Discovery Requests served by Plaintiffs on April 10, 2013 ("Plaintiffs' Responses") are, in general, riddled with questionable objections, evasive, incomplete and unresponsive answers and vague references to previously produced or yet to be produced documents. Unless we receive promptly fully responsive answers without spurious and/or meaningless objections we will be filing a motion to compel.

### I. General Objections:

A.   Plaintiffs' General Objection A objects to the Requests, instructions and definitions to the extent that they impose any duty to respond beyond that imposed by the Federal Rules of Civil Procedure ("federal rules") or the Local Bankruptcy Rules ("local rules"). Plaintiffs' Objections do not identify any such offending request, instruction or definition. Please identify each Request, instruction or definition that Plaintiffs contend imposes a duty beyond that imposed by the federal or local rules and identify any responsive information that has been withheld because of this objection or certify that no such information has been withheld in reliance upon this objection.

B.   Plaintiffs' General Objection B objects to the Requests, Instructions and Definitions on the basis of the "attorney-client privilege", the "accountant-client privilege", the

"joint defense privilege", the "work product doctrine" or "any other applicable privilege or immunity." Please identify each Request, instruction or definition which Plaintiff contends seeks information subject to any of the listed privileges or immunities, identify or describe all documents, communications, or other information withheld on the basis of any such privilege or immunity and provide sufficient identifying information to enable Defendants and the Court to assess the assertion of the privilege or immunity in accordance with the requirements of F.R.C.P. 26(b)(5)(A)(i) and (ii).

      C.      Plaintiffs' General Objection C objects to the Requests, instructions and definitions to the extent they impose a duty to produce information that is not in Plaintiffs' possession, custody or control. Please identify each Request, instruction or definition which Plaintiff contends is subject to this objection. Please identify or describe all communications, documentation or other information that Plaintiffs know exists but has been withheld and/or not produced in reliance upon this objection.

      D.      Plaintiffs' General Objection D objects to the Requests, instructions and definitions that seek information that is in the "public domain and/or are in BWAB's possession". Please identify all Requests, instructions or definitions that are the subject of this objection and identify all communications, documents or other information that has been withheld on the grounds that it is in the "public domain" and separately identify all communications, documents or other information that has been withheld on the grounds that it is in BWAB's possession.

      E.      Plaintiffs' General Objection E objects to the Requests, instructions and definitions that seek information that if disclosed would "violate third persons' privacy rights or confidentiality rights and which Plaintiffs may be prohibited from disclosing." Please identify all Requests, instructions or definitions that are the subject of this objection and identify all communications, documents or other information that has been withheld on the grounds that its disclosure would violate third persons' privacy rights and separately identify all communications, documents or other information that has been withheld on the grounds that Plaintiffs are prohibited from disclosing such information.

      F.      Plaintiffs' General Objection F objects to the Requests, instructions and definitions to the extent they seek information and/or documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence. Please identify all Requests, instructions or definitions that are the subject of this objection and identify all communications, documents or other information that has been withheld on the grounds of this objection.

      G.      Plaintiffs' General Objection G objects to the Requests, instructions and definitions to the extent they call for the production of opinions regarding facts or the application of law to facts and are therefore premature. Please identify all Requests, instructions or definitions that are the subject of this objection and identify all communications, documents or other information that has been withheld on the grounds of this objection.

      H.      Plaintiffs' General Objection H objects to the Requests, instructions and definitions to the extent they assume facts that do not exist or the occurrence of events that did

not occur. Please identify all Requests, instructions or definitions that are the subject of this objection and identify all communications, documents or other information that has been withheld on the grounds of this objection.

    I.    Plaintiffs' General Objection I objects to the Requests, instructions and definitions to the extent they assume the accuracy of certain legal conclusions. Please identify all Requests, instructions or definitions that are the subject of this objection and identify all legal conclusions to which this objection applies and all communications, documents or other information that has been withheld on the grounds of this objection. Further please identify all definitions contained within BWAB's instructions and definitions as to which Plaintiffs have any objection.

    J.    Plaintiffs' General Objection J objects to the Requests, instructions and definitions to the extent the information sought is not reasonably accessible to Plaintiffs. Please identify all Requests, instructions or definitions that are the subject of this objection. Please furnish all information on which Plaintiffs rely for the assertion that "the burden and expense of accessing, reviewing and producing information and/or documents" subject to this objection "outweighs the possible relevance of the Request and is not likely to lead to the discovery of admissible evidence." Please provide the information required by F.R.C.P. 26(b)(2)(B) to demonstrate that any withheld information is not reasonably accessible because of undue burden or cost. Please identify al all communications, documents or other information that has been withheld on the grounds of this objection and/or any such information as to which Plaintiffs have not made an attempt to access, review and produce.

    K.    Plaintiffs' General Objection K does not appear to be an objection, but an attempted reservation of rights. Please identify any communications, documents or other information, if any, that has been withheld from production in reliance upon this purported objection.

    L.    Plaintiffs' General Objection L does not appear to be an objection, but another attempted reservation of rights. Please confirm that Plaintiffs will comply with their duty to supplement their discovery responses as required by F.R.C.P. 26(e) and that this objection is not an attempt to avoid their obligations set forth in said rule.

    M.    Plaintiffs' General Objection M objects to the Requests as overly broad and unduly burdensome to the extent the requests seek "any" or "all" information and/or documents relating to a given subject matter. Please provide the information required by F.R.C.P. 26(b)(2)(B) to demonstrate that any withheld information is not reasonably accessible because of undue burden or cost. Please describe in reasonable detail the efforts Plaintiffs have made to "identify custodians who are likely to have information and/or documents relevant to this action" and describe Plaintiffs' "reasonable, good faith search of the accessible hardcopy and electronic files and locations that Plaintiffs believe could contain information and/or documents responsive to the Requests." Please identify all data sources that were not searched based upon a determination that the data sources were not "accessible" or were not accessible because of undue burden or cost.

    O.    Plaintiffs' General Objection O objects to the Requests to the extent that they impose an obligation to produce "transient or dynamic data". Please identify any Request that

you contend is the subject of this objection and describe the communications, documents or other information that has been withheld from production or which has not been located, accessed or produced in reliance upon this objection.

      P.      Plaintiffs' General Objection P objects to the Requests to the extent they request electronically stored information ("ESI") that is not on stored on active systems, such as systems, backup tapes or other media not part of normal business operations. Please identify all Requests that are the subject of this objection. Please furnish all information on which Plaintiffs rely for the assertion that this "ESI is not reasonably accessible and likely to be duplicative of ESI available from other more readily available sources." Further please furnish all information on which Plaintiffs rely to demonstrate that the "costs associated with accessing these data sources" makes them exempt from production under F.R.C.P. 26(b)(2)(B). Please identify all "systems, backup tapes or other media" that are known to exist, but that have not been searched, accessed or information stored thereon produced on the grounds of this objection.

      Q.      Plaintiffs' General Objection Q objects to the Requests to the extent they request electronically stored information ("ESI") stored on "disaster recovery systems." Please identify all Requests that are the subject of this objection. Please furnish all information on which Plaintiffs rely for the assertions that this "ESI is not reasonably accessible due to the undue burden and cost associated with recovering ESI from those sources" and "is likely to be duplicative of information stored on its active file systems in any event." Further please furnish all information on which Plaintiffs rely to demonstrate that this ESI is not required to be produced under the exemption provided by F.R.C.P. 26(b)(2)(B). Please identify all "disaster recovery systems" known to exist that have not been searched, accessed or information stored thereon produced on the grounds of this objection.

      R.      Plaintiffs' General Objection R objects to the Requests on the grounds that "they fail to specify an applicable time period" and are therefore "overly broad, unduly burdensome and oppressive." Please identify all Requests that the subject of this objection. Please furnish all information on which Plaintiffs rely for the assertion in this objection that "the burden and expense of accessing, reviewing and producing information and/or documents . . . outweighs any possible relevance of such Request."

## II. Objections and Responses to Interrogatories:

      1.      Plaintiffs' response to Interrogatory No. 1, objects on that grounds that certain words are not defined in the Request. These objections are not well-taken and we question whether they are made in good-faith. For example, "working interest owner" is a commonly understood term in the oil and gas industry and any party engaged in the industry and any lawyer representing such a party should be fully cognizant of that fact. To claim an ambiguity in the use of the terms is bogus. See for example, *Garman v. Conoco, Inc.,* 886 P.2d 652, 657 (Colo. 1994), ("The lessor . . . grants an oil and gas lease, retaining a smaller interest, in exchange for the risk-bearing working interest receiving the large share of the proceeds. . .") (citations omitted). The risk-bearing and cost bearing parties are the working interest owners in an oil and gas lease. *Id.* Moreover, Plaintiffs' responses to various interrogatories themselves use the term Plaintiffs' working interest and define it as a 6.06521% interest in the Point A Unit. It is

abundantly clear the Plaintiffs understand the term working interest and should respond without objection to this term.

Other objected to terms have their common understanding in English usage. There should be no ambiguity in referring to an agreement between the working interest owners of the Point A Unit relating to the formation of the Unit or its operations, *e.g.*, the Unit Agreement and the Unit Operating Agreement. There should be no ambiguity whether any interest in such agreements was assigned to Delta, whether Delta assumed any obligations under such agreements and whether any of the working interest owners consented to Delta assumption of obligations under such agreements. Plaintiffs' objections should be withdrawn and full, complete and responsive answers provided without further delay.

Plaintiff further hedges its answer with the unacceptable statement "Plaintiffs will provide non-privileged documents to BWAB *at the appropriate time* from which information responsive to this Interrogatory and *relevant to the claims and defenses* . . . may be derived or ascertained. None of these qualifications are acceptable or warranted. Production of documents was due with the responses—not at some time in future determined in the sole discretion of Plaintiffs. And lastly all documents must be produced unless withheld under a claim of privilege accompanied by a list specifying the documents withheld and the basis for the claim of privilege.

2. The response to Interrogatory No. 2 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1. Please take the curative action requested with respect to Interrogatory No. 1.

3. No further response is requested at this time unless supplementation is necessary by modification and/or withdrawal of the general objections.

4. The response to Interrogatory No. 4 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1. Please take the curative action requested with respect to Interrogatory No. 1.

5. No further response is requested at this time unless supplementation is necessary by modification and/or withdrawal of the general objections.

6. The response to Interrogatory No. 6 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1. Please take the curative action requested with respect to Interrogatory No. 1. Your response further objects to the use of the terms "evidence any transfer of funds". The terms have their common understanding, as such, the term evidence means to show, demonstrate, evince, prove, support or substantiate. Transfer means to transmit, convey, handover, pass on or turn over. "Funds" mean monies, cash, checks or forms of payment. Please withdraw the objections to this interrogatory and provide full, complete and responsive answers thereto.

7. The response to Interrogatory No. 7 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatories No. 1 and 6. Please take the curative action requested with respect to Interrogatory No. 1 and 6. Your response also objects to the use of the terms "evidencing" and "due". Evidencing has the same meaning as "evidence" described above.

As an aside, we note that Plaintiffs' discovery to Defendants also use the term evidencing, so apparently you have some understanding of the term. Due has the meaning owing, unpaid, owed, payable and outstanding. Please withdraw the objections to this interrogatory and provide full, complete and responsive answers thereto.

      8.      The response to Interrogatory No. 8 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1. Please take the curative action requested with respect to Interrogatory No. 1.

      9.      No further response is requested at this time unless supplementation is necessary by modification and/or withdrawal of the general objections.

      10.      The response to Interrogatory No. 10 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1. . Please take the curative action requested with respect to Interrogatory No. 1.

      11.      The response to Interrogatory No. 11 is only partially responsive. No information is given as to overriding royalty interest payments made during Delta's bankruptcy with respect to the Point A Unit to persons other than defendants, such as Kaiser-Francis or others. Please supplement this response with a full, complete and responsive answer.

      12.      The response to Interrogatory No. 12 is only partially responsive. No information is given as to overriding royalty interest payments made subsequent to August 31, 2012, with respect to the Point A Unit to persons other than defendants, such as Kaiser-Francis or others. In addition, this response has spurious objections to terms such as "evidencing". The term "evidencing" has its common understanding as defined in paragraph 7, above. Please supplement this response with a full, complete and responsive answer.

      13.      The response to Interrogatory No. 13 is non-responsive, evasive, and incomplete. In responding to this Interrogatory, Plaintiffs have referred defendants to documents numbered DPT000349-002031 without further explanation as to which of these 1682 pages documents were available to a hypothetical bona fide purchaser and how they would have been available. Further, Plaintiffs' response refers to the public records of real property interests in the "Leases" without describing which of those real property records would provide information relating to Delta's ownership of the Point A Properties. Please supplement this response with a full, complete and responsive answer.

      14.      The responses to Interrogatory No. 14 incorporate by reference non-responsive, deficient, evasive and incomplete responses to Interrogatories Nos. 1, 6, and 8. In addition, Interrogatory No.14 asks for a description of facts on denials of requests for admission are based, the identity of witness with knowledge of such facts and documents that support the denial. The referenced interrogatories 1, 6 and 8, contain no descriptions of facts or witnesses with knowledge. For these reasons and those described above with respect to your responses to interrogatories 1, 6 and 8, please supplement these responses to with full, complete and responsive answers.

Furthermore, this interrogatory asks for the identity of individuals with knowledge of the facts upon which the denial of a request for admission is based. No individuals are identified, only vague, evasive and incomplete references are given to persons who may be identified in documents referred to in previous interrogatories. Please supplement these responses with full, complete and responsive answers.

As to Requests for Admission nos. 19, 20, 21 and 23, the response to Interrogatory 14, indicates only that the denials are legal conclusions based "on applicable law, the operative agreements and the Plan." None of the information requested in Interrogatory 14 is provided. Please supplement your responses with full, complete and responsive answers.

15. The response to Interrogatory No. 15 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1 insofar as it relates to production of additional documents. Please take the curative action requested with respect to Interrogatory No. 1.

16. The response to Interrogatory No. 16 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1 insofar as it relates to production of additional documents. Please take the curative action requested with respect to Interrogatory No. 1.

17. The response to Interrogatory No. 17 has the same deficiencies noted above with respect to Plaintiffs' response to Interrogatory No. 1 insofar as it relates to production of additional documents. Please take the curative action requested with respect to Interrogatory No. 1.

### III. Objections and Responses to Requests for Production of Documents

1. Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

2. Please withdraw the spurious objections based upon the definition of "relating to" and the request for "all emails, correspondence or other written communications between Delta and Whiting relating to the Point A unit." All such documents are plainly relevant to the subject matter of this litigation, *i.e.,* the nature of the relationship between Delta and Whiting with respect to the Point A Unit and are reasonably calculated to lead to the discovery of admissible evidence. The objection that "relating to" is not defined is frivolous. The terms are commonly used in all discovery requests, including those propounded by Plaintiffs toDefendants, and have their commonly understood meanings of "involving or concerning". Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

3. Please withdraw the spurious objections based upon the definition of "joint

interest owners and ORRI owners. Plaintiffs previously disclosed documents refer to "JIB" accounts and authorizations which persons knowledgeable in the industry understand means "joint interest billing". Joint interest owners are commonly understood to mean the working interest owners of an oil and gas lease. Similarly the terms overriding royalty owners are commonly understood terms. Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

    4.    Please withdraw the spurious objection to the term "reflecting" which has its commonly understood meaning of "showing, indicating, manifesting or exhibiting". Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

    5.    Please withdraw the spurious objection to the terms "relating to" which have their commonly understood meaning of involving or concerning. Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

    6.    Please withdraw the spurious objections to the commonly understood English terms "reflecting," "concerning" and "ORRI owners" as discussed above. Please produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

    7.    Please comply with the requests made with respect to your general objections and further produce forthwith all responsive documents, provide a privilege log of any documents withheld under a claim of privilege and identify any documents that are known to exist that are relevant to the subject matter of the litigation and that are being withheld under the qualification that only documents "relevant to the claims and defenses" are being produced.

### IV. Objections and Responses to Requests for Admission

    1.    Please withdraw the spurious objection based upon the definition of "legal title." The distinction between legal and equitable title is commonly understood. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

    2.    No further information is requested.

      3.      Please withdraw your objection to the phrase "Whiting's Interest" as it specifically references Whiting's interest in the Unit as described in the 1996 Point A Unit Agreement. No further definition is necessary to enable you to truthfully admit the request.

      4.      See our request with respect to Request No. 3. Your response is non-responsive in that you are requested to admit that the 3.5% ORRI burdening Whiting's interest referred to in the Unit agreement is the BWAB 1994 ORRI. Your response neither admits nor denies this request, but rather provides and evasive and non-responsive answer.

      5.      Please withdraw your objection to the phrase "consented to Delta's assumption of any rights or obligations". Whether any party to the 1996 Point A Unit and Operating Agreements consented to Delta's assumption of rights or obligations under those agreements is a simple and easily understood legal concept. Please supplement your response to provide a responsive answer and provide the information requested in Interrogatory No. 14 if your fail admit this request.

      6.      Please provide the information requested in Interrogatory No. 14 based upon your failure to admit this request, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

      7.      Please provide the information requested in Interrogatory No. 14 based upon your failure to admit this request, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

      8.      Plaintiffs include the entity formerly known as Delta and therefore Plaintiffs know whether Delta recorded its interest in the Point A Unit in any U.S. state or county real property record. Please provide a responsive answer and provide the information requested in Interrogatory No. 14 if you fail to unequivocally admit this request, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

      9.      This response is subject to the same deficiencies as discussed above. Please provide a responsive answer as discussed with respect to Request No. 8, above.

      10.      Please provide the information requested in Interrogatory No. 14, above, with respect to your failure to admit this request. To the extent you claim that the request involves the application of fact to law, please include a description of any legal doctrine or theory on which you base your denial.

      11.      Please provide the information requested in Interrogatory No. 14 based upon your failure to admit this request, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

      12.      Please provide the information requested in Interrogatory No. 14, above, with

respect to your failure to admit this request. To the extent you claim that the request involves the application of fact to law, please include a description of any legal doctrine or theory on which you base your denial.

   13. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request.

   14. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request, including without limitation the amounts of money you claim were owed to BWAB and Larson on account of their ORRIs as of December 16, 2011 and the identity of persons who have knowledge of such facts.

   15. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request, including without limitation the amounts of money you claim were owed to BWAB and Larson on account of their ORRIs as of March 23, 2012 and the identity of persons who have knowledge of such facts.

   16. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request, including without limitation the amounts of money you claim were owed to BWAB and Larson on account of their ORRIs as of August 16, 2012 and the identity of persons who have knowledge of such facts.

   17. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request, including without limitation the amounts of money you claim were owed to BWAB and Larson on account of their ORRIs as of August 31, 2012 and the identity of persons who have knowledge of such facts.

   18. Please provide the information requested in Interrogatory No. 14 based upon your failure to unequivocally admit this request, including all information that you claim to lack to enable you to either admit or deny the request and all reasonable efforts you undertook to obtain such information.

   19. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request.

   20. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request. To the extent you claim that the request involves the application of fact to law, please include a description of any legal doctrine or theory on which you base your denial.

   21. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request. To the extent you claim that the request involves the application of fact to law, please include a description of any legal doctrine or theory on which you base your denial.

   22. Please withdraw your objection based upon the definition of the terms "paid under protest" as such terms are commonly understood.

23. Please provide the information requested in Interrogatory No. 14 with respect to your failure to admit this request. To the extent you claim that the request involves the application of fact to law, please include a description of any legal doctrine or theory on which you base your denial.

24. No further information is requested.

If you would like to discuss this matter before we file a motion to compel the information sought herein, please feel free to contact us. Otherwise we will consider your failure to contact us as a denial of the requests contained herein and will satisfy our obligations to meet and confer before filing our motion.

Very truly yours,

Stuart N. Bennett