## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELTA PETROLEUM CORPORATION, <u>et al.</u>, | : | Case No. 11-14006 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| DELTA PETROLEUM GENERAL RECOVERY TRUST and PAR PETROLEUM CORPORATION, | : | Adv. Pro No. 12-50877 (KJC) |
| Plaintiffs, | : | |
| v. | : | |
| ALERON LARSON, JR, | : | |
| Defendant. | : | |
| DELTA PETROLEUM GENERAL RECOVERY TRUST and PAR PETROLEUM CORPORATION, | : | Adv. Pro No. 12-50898 (KJC) |
| Plaintiffs, | : | |
| v. | : | |
| BWAB LIMITED LIABILITY COMPANY, | : | |
| Defendant. | : | |

**PLAINTIFFS' MOTION TO (1) STRIKE EXPERT REPORT AND (2) PRECLUDE TESTIMONY OF DEFENDANTS' PROPOSED EXPERT**

Delta Petroleum General Recovery Trust (the "Trust") and Par Petroleum Corporation ("Par," and with the Trust, "Plaintiffs") respectfully submit this motion to strike the expert report and to preclude the testimony of defendants' designated expert, Robert T. Cosgrove (the "Motion"). In support of the Motion, Plaintiffs respectfully represent as follows:

## INTRODUCTION[1]

On June 28, 2013, Aleron Larson, Jr. ("Larson") and BWAB Limited Liability Company ("BWAB," and together with Larson, the "Defendants") served Plaintiffs with their expert disclosures and submitted the expert report of Mr. Cosgrove (the "Report," attached hereto as <u>Exhibit A</u>), a lawyer with the law firm of Burns, Wall and Mueller, P.C. in Denver, Colorado, for the purpose of "provid[ing] an opinion as to how an experienced title-examining attorney would treat the [1994 Assignment, 1999 Assignment, and Larson Assignment]."  (Report at 2)  According to the Report (at 1), Mr. Cosgrove is licensed to practice law in Colorado who provides legal services to clients in the oil and gas industry.

The Report is based entirely on Mr. Cosgrove's analysis of oil and gas law and a review of the contracts at the heart of this case.  (*See* Report at 3-4)  As such, the Report offers nothing more than  legal conclusions regarding the contracts that this Court will be required to interpret.  (*See id.* at 4-8)

---

[1]  Terms not otherwise defined herein shall have the meanings ascribed to them in the Report.

2

Defendants' attempt to submit a legal opinion under the guise of "expert" testimony is inappropriate and violates controlling precedents.  This testimony also intrudes directly upon the exclusive province of this Court:  the construction and interpretation of the contracts at issue.  Accordingly, Plaintiffs request that the Court strike the Report and preclude Mr. Cosgrove from testifying.

**ARGUMENT**

**I.     Defendants' Proffered Expert Report Does Not Satisfy Evidence Rule 702.**

Rule 702(a) of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine *a fact* in issue…" Fed. R. Evid. 702(a) (emphasis added). Indeed, the Court must act as a "gatekeeper" to determine the admissibility of expert witness testimony and to prevent unhelpful opinions from contaminating the record. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (discussing courts' basic gatekeeping obligation to ensure that all expert testimony is relevant and reliable).

Here, Defendants proffer legal opinions, none of which are calculated to assist the Court, as the trier of *fact*, to "understand the evidence," or "determine a fact in issue," but serve instead to "intrude upon the duties of, and effectively

3

substitute for the judgment of, the trier of fact…." *See Marx & Co., Inc. v. The Diners' Club, Inc.,* 550 F.2d 505, 509-12 (2d Cir. 1977) (trial court erred in permitting attorney to give "expert" testimony concerning contractual interpretation, which usurped function of trial judge and was superfluous given judge's special legal knowledge and ability to make legal determinations); *Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D. D.C. 2002) (striking expert report which provided definitions of legal and regulatory terms and conclusions on how terms affected contract at issue); *see also Watkins v. New Castle County*, 374 F. Supp. 2d 379, 393 (D. Del. 2005) (granting motion to preclude testimony of expert expressing legal conclusions because such conclusions are unhelpful to finder of fact). Thus, the Report fails on its face to satisfy Federal Rule 702.

## II. Defendants' Proffered Expert Report And Any Testimony Rendering Legal Opinions Or Conclusions Is Prohibited By Evidence Rule 702.

Expert witnesses are prohibited from rendering legal opinions, conclusions and/or arguments. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) (expert could not testify as to legal duties under federal securities laws, whether stock was exempt from registration requirements, legal effect of SEC pronouncements, or reasonableness in light of apparent routine industry practice); *see also Flickinger v. Toys R Us – Delaware, Inc.*, 492 Fed. Appx. 217, 223 (3d Cir. 2012) (trial court did not exceed its discretion in prohibiting reports and testimony offering legal opinions and using legal terms of art).

The legal interpretation of the relevant contracts is the central issue in these cases and that topic falls squarely within the class of testimony that is prohibited. *See Dow Chemical Canada Inc. v. HRD Corp.*, 656 F. Supp. 2d. 427 (D. Del. 2009) (striking testimony from exert report as to legal duties, standards or ramifications arising from a contract); *Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 364 (D. Del. 2006) (expert opinion on nature and obligations of contracts amounted to impermissible legal argument). Thus, any legal opinion, whether or not specific to the oil and gas industry, is prohibited under Evidence Rule 702 and the established precedent.

The Report here is inappropriate as an expert report. The Report indicates that Mr. Cosgrove's "expertise" is limited to the area of oil and gas law, and it proffers nothing more than legal conclusions poorly cloaked as expert opinion. (Report at 1-2) For example, in the section entitled "Basis for Opinions," Mr. Cosgrove recites oil and gas legal treatises. (*Id.* at 3) Mr. Cosgrove's "Summary of Opinions" simply repeats the Defendants' own legal conclusions and, based on nothing more than his review and interpretation of the relevant agreements, says they are correct. With all due respect to Mr. Cosgrove, that is for this Court, not him, to decide.

This type of "expert" testimony is in fact impermissible legal opinion that should not be allowed to infect the record and to intrude upon the exclusive province of this Court.

5

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an order striking the Report and excluding any testimony from Mr. Cosgrove and granting Plaintiffs such other relief as is just and proper. In the event the Court denies this motion, then Defendants request a three week extension of time after the Court's decision to identify a rebuttal expert and to depose Mr. Cosgrove.

Dated: July 19, 2013
Wilmington, Delaware

           */s/ Kristhy M. Peguero*
           Anthony W. Clark (I.D. No. 2051)
           Kristhy M. Peguero (I.D. No. 4903)
           Skadden, Arps, Slate, Meagher & Flom LLP
           One Rodney Square
           P.O. Box 636
           Wilmington, Delaware 19899-0636
           Telephone: (302) 651-3000
           Fax: (302) 651-3001

           - and -

           Ron E. Meisler
           David R. Pehlke
           Skadden, Arps, Slate, Meagher & Flom LLP
           155 N. Wacker Dr.
           Chicago, Illinois 60606
           Telephone: (312) 407-0700
           Fax: (312) 407-0411

           *Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*