## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
In re:                                        :    Chapter 11
                                              :
DELTA PETROLEUM CORPORATION,                  :    Case No. 11-14006 (KJC)
et al.,                                       :
                                              :    Jointly Administered
             Debtors.                         :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
DELTA PETROLEUM GENERAL                       :
RECOVERY TRUST                                :
and                                           :
PAR PETROLEUM CORPORATION,                    :    Adv. Pro No. 12-50877 (KJC)
                                              :
             Plaintiffs,                      :
v.                                            :
                                              :
ALERON LARSON, JR,                            :
                                              :
             Defendant.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
DELTA PETROLEUM GENERAL                       :
RECOVERY TRUST                                :
and                                           :
PAR PETROLEUM CORPORATION,                    :    Adv. Pro No. 12-50898 (KJC)
                                              :
             Plaintiffs,                      :
v.                                            :
                                              :
BWAB LIMITED LIABILITY COMPANY,               :
                                              :
             Defendant.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO (1) STRIKE EXPERT REPORT AND (2) PRECLUDE
<u>TESTIMONY OF DEFENDANTS' PROPOSED EXPERT</u>**

Delta Petroleum General Recovery Trust (the "Trust") and Par Petroleum Corporation ("Par," and with the Trust, "Plaintiffs") respectfully submit this reply memorandum of law in support of their motion to strike the expert report (the "Report") and to preclude the testimony of Defendants' designated expert, Robert T. Cosgrove (the "Motion").

## PRELIMINARY STATEMENT[1]

Defendants' response (the "Response") argues that Plaintiffs' motion to strike is "procedurally and substantively fruitless," because rather than ask the Court to preclude inappropriate testimony on matters of law that are exclusively for the Court to decide, Plaintiffs should instead be forced to waste time and money on a rebuttal expert to offer similarly inappropriate testimony. (Response at 3)  Then, at trial, if the Court denies the pending cross-motions for summary judgment, the parties could attempt to present this inappropriate testimony. (*Id.*: "At trial, the Court is perfectly capable of weighing Mr. Cosgrove's qualifications and credibility, as well as the admissibility, reliability, and sufficiency of his expert testimony.")  As explained in the Motion and below, this is a waste of time and resources, and that is why Plaintiffs filed their Motion to strike in the first place.

Mr. Cosgrove's proposed testimony directly infringes upon the Court's effort to construe the meaning of the contracts at issue as a matter of law.  Nothing between

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Report.

2

now and a potential trial will change that fact – Mr. Cosgrove's testimony is inappropriate now and would remain so at trial.[2] This is a simple contract case that will require the Court to construe several basic contracts. The Court does not need a lawyer masquerading as an expert to take the stand and tell it what those contracts mean and how it must rule on the legal issues before it.

## ARGUMENT

**I.    THE COSGROVE REPORT PRESENTS OPINION TESTIMONY THAT DIRECTLY INFRINGES UPON THE EXCLUSIVE PROVINCE OF THIS COURT -- THE LEGAL EFFECT OF THE CONTRACTS AT ISSUE.**

Defendants argue that the Cosgrove Report proffers admissible evidence on "industry practice," rather than legal conclusions regarding the contracts at issue. A brief look at the matters Mr. Cosgrove was asked to develop an opinion about shows otherwise.

Under the "Scope of Work" section of the Cosgrove Report, Mr. Cosgrove states that he was asked to "provide an opinion as to how an experienced title-examining attorney would treat [each contract]" with respect to certain features of the contract. Mr. Cosgrove was *not* asked for his opinion regarding the meaning of certain industry terms, nor was he asked his opinion on industry practices. Instead, he was asked for an opinion on how a hypothetical *attorney* would interpret the three

---

[2]   Notably, Defendants made no effort to submit Mr. Cosgrove's testimony in support of their cross-motions for summary judgment, despite the ample time in the case schedule to do so.

specific contracts at issue in this case.  Worse, Mr. Cosgrove was asked to interpret the three contracts at issue exclusively as to their *legal effect*:  "I was asked to provide an opinion as to how an experienced title-examining attorney would treat that instrument with respect to the following:  1) Identifying the type of interest created by the instrument; 2) Identifying the nature of the interest created by the instrument; 3) Identifying whether the instrument created is subject to some future defeasance or impairment."  (Report at 2)  An attorney's opinions on the legal effect of a contract is not a proper matter for "expert" testimony.  (Motion at 4) (gathering cases)  It is, instead, a gimmick to present additional legal argument to the Court.

Given the improper "Scope of Work" assigned to Mr. Cosgrove, it is not surprising that the resulting opinions are also improper.  Mr. Cosgrove repeatedly offers improper *legal* opinions on the effect of the agreements at issue, including:

- Opinions regarding the parties' intent (Report at 5:  "it appears that the parties to this interest intended to create a real property interest");
- Opinions regarding the proper construction of the contracts (*id.* at 6 "in my opinion, it would be appropriate to *construe* the instrument as creating a . . .") (emphasis added); and
- Opinions regarding how the Court should rule on construction of the contracts (*id.* ("Being aware that the interpretation of the instrument has been raised, I would look to two factors to determine if the BWAB interest was actually subject to future modification.").)

4

Mr. Cosgrove was not asked to provide opinion testimony on industry practice.[3] He was asked to provide, and he did provide, his attorney's legal opinion of the legal effect of the contracts at issue (even going so far as to offer opinions as to how he would go about constructing the contracts if he were the Court). But Mr. Cosgrove is *not* the Court, and his proffered testimony does not satisfy the standards of Federal Rule of Evidence 702. (*See* Motion at 2-4) Defendants should be barred from presenting this "evidence."

## II. THE COURT MAY STRIKE THE COSGROVE REPORT IN ITS ENTIRETY NOW.

Defendants argue "[t]hat [just because] legal conclusions can be drawn from the facts in this case does not make Mr. Cosgrove's opinions concerning those facts insufficient under F.R.E. 702." (Response at 6) However, as set forth above (at 3-4) and in Plaintiffs' Motion, Mr. Cosgrove was asked only to provide opinion testimony on the legal construction of the contracts at issue, and that is the matter of opinion that he offers in his report. And, Mr. Cosgrove's assessment of the facts in the case was entirely in service of his assigned "Scope of Work," that is, the legal construction of the contracts at issue. Once the improper opinion testimony

---

[3] Mr. Cosgrove's own Report establishes the irrelevance of industry practice to this dispute, as he concedes that the 1994 agreement "is a non-standard form of assignment." (Report at 2) As for the 1999 agreements, Defendant Larson and Delta's former CFO both admitted that the concept of a "Net Operating Interest," which is central to this case, is a novel financial interest that is not common in the industry. (*See* Plaintiffs' Mem. of Law in Opp. to BWAB's Cross-Motion for Summ. J. at 5) (Docket No. 84)

5

regarding the construction and legal effect of the terms of the contracts is stripped from the Report, nothing remains.

For this reason, Defendants fail in their efforts to distinguish the cases cited in the Plaintiffs' Motion solely in order to make the obvious point that a court need not strike expert testimony that the court believes would be helpful. (*See* Response at 8-10)  Mr. Cosgrove does not offer helpful testimony regarding industry practice (and industry practice is itself likely irrelevant here given the novel contracts at issue (*see supra* at 5 n.3)); rather, he only offers his own conclusions as an attorney, pretending to be some hypothetical "experienced title-examining attorney," regarding the legal effect of the contracts at issue.  (Report at 2)  The Court has already received ample opinions from the attorneys in this case regarding the legal effect of the contracts at issue.  If the Court does not construe the contracts as a matter of law and dispose of this matter on summary judgment, the Court will not need to have yet another attorney take the stand at trial and tell it what the parties "intended" – especially when the factual evidence of the contract parties' intent will be available for the Court to consider.

There is simply no legitimate reason to permit Mr. Cosgrove's improper testimony or to force Plaintiffs to waste money and time submitting a rebuttal "expert" report proffering contrary legal opinions.  Mr. Cosgrove's proffered testimony should be barred in its entirety now.

6

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court enter an order striking the Report and excluding any testimony from Mr. Cosgrove and granting Plaintiffs such other relief as is just and proper. In the event the Court denies this motion, then Defendants request a three week extension of time after the Court's decision to submit a rebuttal expert report and to depose Mr. Cosgrove.

Dated:       August 9, 2013
             Wilmington, Delaware

                               */s/ Kristhy M. Peguero*
                               Anthony W. Clark (I.D. No. 2051)
                               Kristhy M. Peguero (I.D. No. 4903)
                               Skadden, Arps, Slate, Meagher & Flom LLP
                               One Rodney Square
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               Telephone: (302) 651-3000
                               Fax: (302) 651-3001

                               - and -

                               Ron E. Meisler
                               David R. Pehlke
                               Skadden, Arps, Slate, Meagher & Flom LLP
                               155 N. Wacker Dr.
                               Chicago, Illinois 60606
                               Telephone: (312) 407-0700
                               Fax: (312) 407-0411

                               *Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*