**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :         Chapter 11
                                                      :
DELTA PETROLEUM CORPORATION,                          :         Case No. 11-14006 (KJC)
et al.,                                               :
                                                      :
                                                      :         Jointly Administered
            Debtors.                                  :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                               :
RECOVERY TRUST                                        :
and                                                   :
PAR PETROLEUM CORPORATION,                            :         Adv. Pro No. 12-50877 (KJC)
                                                      :
            Plaintiffs,                               :         Related Docket Nos. 34, 74, 110, 111,
v.                                                    :         113
                                                      :
ALERON LARSON, JR,                                    :
                                                      :
            Defendant.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                               :
RECOVERY TRUST                                        :
and                                                   :
PAR PETROLEUM CORPORATION,                            :
                                                      :         Adv. Pro No. 12-50898 (KJC)
            Plaintiffs,                               :
v.                                                    :         Related Docket Nos. 34, 74, 110, 111,
                                                      :         113
BWAB LIMITED LIABILITY COMPANY,                       :
                                                      :
            Defendant.                                :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION OF COUNSEL IN SUPPORT OF ENTRY OF ORDER
APPROVING STIPULATION OF SETTLEMENT AMONG DELTA
PETROLEUM GENERAL RECOVERY TRUST, PAR PETROLEUM
CORPORATION, ALERON LARSON, JR, AND BWAB LIMITED
<u>LIABILITY COMPANY RESOLVING ADVERSARY PROCEEDINGS</u>**

The undersigned counsel for Delta Petroleum General Recovery Trust (the "Delta Petroleum Trust") and Par Petroleum Corporation ("Par," and together with the Delta Petroleum Trust, the "Plaintiffs") hereby certifies as follows:

Pursuant to the stipulation of settlement (the "Settlement Stipulation"),[1] attached hereto as Exhibit A to the proposed form of order attached hereto as Exhibit 1, the Plaintiffs, Defendant Aleron Larson, Jr., and Defendant BWAB Limited Liability Company have, after extensive negotiations, reached an agreement to fully and finally resolve all of their claims and disputes regarding the Larson Adversary Proceeding (Adv. Pro. No. 12-50877) and BWAB Adversary Proceeding (Adv. Pro. No. 12-50898), which agreement is embodied in the Settlement Stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[1]    Terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Stipulation.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the proposed form of order attached hereto as Exhibit 1 authorizing Delta Petroleum Trust to enter into, and approving, the Settlement Stipulation at the Court's earliest convenience.

Dated: Wilmington, Delaware
June 2, 2015

*/s/ Dain A. De Souza*
Anthony W. Clark (I.D. No. 2051)
Dain A. De Souza (I.D. No. 5737)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Ron E. Meisler
Ebba Gebisa
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*

**<u>EXHIBIT 1</u>**

**Proposed Order**

919298-CHISR01A - MSW

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELTA PETROLEUM CORPORATION, | : | Case No. 11-14006 (KJC) |
| et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| DELTA PETROLEUM GENERAL | : |  |
| RECOVERY TRUST | : |  |
| and | : |  |
| PAR PETROLEUM CORPORATION, | : | Adv. Pro No. 12-50877 (KJC) |
|  | : |  |
| Plaintiffs, | : | Related Docket Nos. 34, 74, 110, 111, |
| v. | : | 113 |
|  | : |  |
| ALERON LARSON, JR, | : |  |
|  | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| DELTA PETROLEUM GENERAL | : |  |
| RECOVERY TRUST | : |  |
| and | : |  |
| PAR PETROLEUM CORPORATION, | : | Adv. Pro No. 12-50898 (KJC) |
|  | : |  |
| Plaintiffs, | : | Related Docket Nos. 34, 74, 110, 111, |
| v. | : | 113 |
|  | : |  |
| BWAB LIMITED LIABILITY COMPANY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING STIPULATION OF SETTLEMENT AMONG DELTA
PETROLEUM GENERAL RECOVERY TRUST, PAR PETROLEUM
CORPORATION, ALERON LARSON, JR, AND BWAB LIMITED
LIABILITY COMPANY RESOLVING ADVERSARY PROCEEDINGS**

Upon consideration of the Stipulation of Settlement Among Delta Petroleum General Recovery Trust, Par Petroleum Corporation, Aleron Larson, Jr., and BWAB Limited Liability Company Resolving Adversary Proceedings (the "Settlement Stipulation")[1], attached hereto as Exhibit A; and the Court having determined that good and adequate cause exists for authorizing Delta Petroleum General Recovery Trust to enter into the Settlement Stipulation and for approval of the Settlement Stipulation; and the Court having determined that no further notice of the Settlement Stipulation must be given;

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[1]    Terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Stipulation.

**IT IS HEREBY ORDERED** that Delta Petroleum General Recovery Trust is hereby authorized to enter into the Settlement Stipulation and the Settlement Stipulation is approved in its entirety and entered as an order of this Court.

Dated: _____, 2015
           Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**Settlement Stipulation**

919290-CHISR01A - MSW

**EXECUTION COPY**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                              :        Chapter 11
:
DELTA PETROLEUM CORPORATION,               :        Case No. 11-14006 (KJC)
et al.,                                                            :
:        Jointly Administered
Debtors.                                    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                      :
RECOVERY TRUST                                    :
and                                                               :
PAR PETROLEUM CORPORATION,               :        Adv. Pro No. 12-50877 (KJC)
:
Plaintiffs,                         :        Related Docket Nos. 34, 74, 110, 111,
v.                                                                 :        113
:
ALERON LARSON, JR,                              :
:
Defendant.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                      :
RECOVERY TRUST                                    :
and                                                               :
PAR PETROLEUM CORPORATION,               :        Adv. Pro No. 12-50898 (KJC)
:
Plaintiffs,                         :        Related Docket Nos. 34, 74, 110, 111,
v.                                                                 :        113
:
BWAB LIMITED LIABILITY COMPANY,       :
:
Defendant.                          :
:
- - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION OF SETTLEMENT AMONG DELTA PETROLEUM GENERAL
## RECOVERY TRUST, PAR PETROLEUM CORPORATION,
## ALERON LARSON, JR, AND BWAB LIMITED LIABILITY COMPANY
## <u>RESOLVING ADVERSARY PROCEEDINGS</u>

Delta Petroleum General Recovery Trust ("Delta Petroleum Trust") and Par Petroleum Corporation ("Par Petroleum") and its affiliates (each a "Reorganized Debtor" and collectively, the "Reorganized Debtors," and together with Delta Petroleum Trust, the "Plaintiffs"), Aleron H. Larson, Jr. ("Defendant Larson"), and BWAB Limited Liability Company ("Defendant BWAB," and together with Defendant Larson, the "Defendants") (all of the foregoing parties collectively, the "Settling Parties") hereby enter into this Stipulation of Settlement (the "Settlement Agreement") as follows:

**WHEREAS,** on December 16, 2011 (the "Petition Date"), the Debtors (except for one) commenced their chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").[1]  On August 16, 2012, the Court entered an order confirming the Debtors' Plan (the "Confirmation Order"), which became effective on August 31, 2012 (the "Effective Date") (Case No. 11-14006; D.I. 925, 947);

**WHEREAS,** on September 21, 2012, Delta Petroleum Trust commenced an adversary proceeding (the "Larson Adversary Proceeding") against Defendant Larson by filing its Complaint for Avoidance of Interests and Recovery of Property of the Estate (Adv. Pro. No. 12-50877; D.I. 1) (the "Larson Complaint") in this Court, asserting claims related to, *inter alia*, the 1999 Larson Assignment and 1999 Larson ORRI;[2]

**WHEREAS,** on September 26, 2012, Delta Petroleum Trust commenced an adversary proceeding (the "BWAB Adversary Proceeding," together with the Larson Adversary Proceeding, the "Adversary Proceedings") against Defendant BWAB by filing its Complaint for Avoidance of Interests and Recovery of Property of the Estate (Adv. Pro. No. 12-50898; D.I. 1) (the "BWAB Complaint") in this Court, asserting claims related to, *inter alia*, the 1994 Assignment, 1994 ORRI, 1999 BWAB Assignment, and 1999 BWAB ORRI.  The Plaintiffs amended the Larson Complaint and BWAB Complaint on January 4, 2013 (Adv. Pro. No. 12-50877; D.I. 23) (Adv. Pro. No. 12-50898; D.I. 22);

**WHEREAS,** pursuant to the Amended and Restated Stipulation and Proposed Order Resolving Emergency Motion of Reorganized Debtors and Delta Petroleum General Recovery Trust for Entry of an Order Enforcing the Provisions of Debtors' Confirmed Plan and the Confirmation Order and to Adversary Proceedings Nos. 12-50877 and 12-50898 (Case No. 11-14006; D.I. 1208) (the "Escrow Stipulation"), approved by the Court on

---

[1]    The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc. (3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of Colorado (0506); and Castle Exploration Company, Inc. (9007).  The Reorganized Debtors' headquarters are located at: 1301 McKinney Street, Suite 2025, Houston, TX 77010.  Debtor Castle Exploration Company, Inc. filed its chapter 11 petition on January 6, 2012.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Court's Memorandum (Adv. Pro. No. 12-50877; D.I. 110) (Adv. Pro. No. 12-50898; D.I. 110).

December 21, 2012, the Plaintiffs have made monthly deposits into an escrow with the Court (the "Escrow") since January 2013 (collectively, the "Escrowed Funds") with respect to the Disputed Funds (as defined in the Escrow Stipulation) related to the 1994 Assignment, 1999 BWAB Assignment, and 1999 Larson Assignment;

**WHEREAS,** the last production month for which Plaintiffs have deposited monies into the Escrow is November 2014 and the total of the Escrowed Funds as of the date of this Stipulation is $1,468,286.17;

**WHEREAS,** from February through June 2013, Plaintiffs and Defendants filed and briefed motions and cross-motions for summary judgment (collectively, the "Summary Judgment Motions") on their respective claims and conducted discovery;

**WHEREAS,** on April 2, 2015, the Court entered an order on the Summary Judgment Motions (Adv. Pro. No. 12-50877; D.I. 111) (Adv. Pro. No. 12-50898; D.I. 111, 113) (collectively, the "Order") for the reasons set forth in the Court's Memorandum (Adv. Pro. No. 12-50877; D.I. 110) (Adv. Pro. No. 12-50898; D.I. 110);

**WHEREAS,** after extensive negotiations, and in consideration of the Court's Order, the Settling Parties have reached the following agreement, which they each, in their business judgment, believe is fair and reasonable, to resolve the matters in dispute;

**NOW, THEREFORE,** in consideration of the terms and conditions set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the Court approving this Settlement Agreement, the Settling Parties hereby agree as follows:

1.  Withdrawal of Plaintiffs' Claims.  Each of the Plaintiffs, on behalf of itself and its affiliates, agrees not to pursue any claim they may have on account of  the 1999 Larson Assignment, 1999 Larson ORRI, 1994 Assignment, 1994 ORRI, 1999 BWAB Assignment, and 1999 BWAB ORRI (collectively, the "Assigned Interests"), or any other claim whatsoever in connection with the Adversary Proceedings.

2.  Withdrawal of Defendants' Claims.  Each of the Defendants, on behalf of itself and its affiliates, agrees not to pursue any claim they may have on account of the Assigned Interests, or any other claim whatsoever in connection with the Adversary Proceedings.

3.  Payment of Settlement Amounts.  Within two (2) business days of the Settlement Order (as defined herein) becoming a final order, the Settling Parties agree to instruct the Court to disburse the Escrowed Funds (the "Settlement Amounts") as follows:

    a.  $707,494.17 to Plaintiff Par Petroleum;

      b.   $760,792.00 to Defendant BWAB; and

      c.   No amounts shall be disbursed to Defendant Larson.

Further, total interest accrued on the Escrowed Funds (the "Interest"), less the registry fee owed to the Court equal to 10.0% of the Interest, will be allocated and disbursed *pro-rata* to Plaintiff Par Petroleum and Defendant BWAB as follows: 48.2% of the Interest to Plaintiff Par Petroleum and 51.8% of the Interest to Defendant BWAB.

4.   Settlement Decimal and 1994 ORRI.  The Settling Parties further agree that Defendant BWAB shall be the sole owner of the 1994 ORRI and that any future amounts owed to Defendant BWAB on account of the 1994 ORRI for production months subsequent to November 2014 shall be accounted for and timely paid by Plaintiffs to Defendant BWAB based on a net revenue interest equal to 0.03492702 (the "Settlement Decimal") multiplied by the gross dollar amount from sales of petroleum attributable to Par Petroleum's 6.06521% unit interest in the Point Arguello unit.  The Settlement Decimal includes a landowners' royalty of 0.1666667.  If the landowner's royalty is reduced at any future time, the Settlement Decimal shall be adjusted proportionately.

5.   1999 ORRIs.  The Settling Parties further agree that the Plaintiffs shall be the sole owner of the 1999 Larson ORRI and 1999 BWAB ORRI (the "1999 ORRIs"), and the Defendants shall have no rights in and to the 1999 ORRIs.

6.   Further Assurance.  The Settling Parties shall cooperate in good faith to prepare and execute all documents and to take all actions required to fully effectuate the terms of this Settlement Agreement as soon as reasonably possible, including without limitation any such documents or actions required to disburse the Escrowed Funds, close the Escrow, and honor the 1994 ORRI at the Settlement Decimal.  Plaintiffs agree that they will not object to or interfere with any effort by BWAB subsequent hereto, to seek Whiting Petroleum Corporation's agreement to pay directly to BWAB any amounts owed to BWAB on account of the 1994 ORRI without first disbursing such funds to Par Petroleum.  The Settling Parties will further cooperate and use their best efforts to promptly obtain the entry of an order of the Court approving this Settlement Agreement (the "Settlement Order").

7.   Conditions to Effectiveness.  This Settlement Agreement is subject to the approval of the Court and shall become effective upon entry of the Settlement Order and such Settlement Order becoming a final order.

8.   No Admissions.  Neither the execution, delivery, nor performance of this Settlement Agreement by any of the Settling Parties shall be deemed or construed as an admission by any Settling Party.

9. <u>Dismissal of Adversary Proceedings with Prejudice</u>.  Within two (2) business days of the Settlement Order becoming a final order, the Plaintiffs shall file with the Court a stipulation of dismissal with prejudice of the Adversary Proceedings, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), in substantially similar form as attached hereto as <u>Exhibit A</u>.  The Settling Parties shall take all such further actions, if any, as may be necessary to obtain a prompt dismissal with prejudice of all claims, suits, actions, and causes of action in the Adversary Proceedings.

10. <u>Plaintiffs' Releases</u>.  Immediately upon payment of the Settlement Amounts, the following releases shall become effective: (i) the Plaintiffs, on behalf of themselves and their affiliates, and their respective past and present shareholders, interest holders, officers, directors, employees, attorneys, agents, representatives, successors, predecessors, and assigns (individually and collectively the "<u>Plaintiff Releasors</u>"), hereby unconditionally covenant not to sue, and hereby release and discharge, each of the Defendants and each of their respective affiliates, together with all of their respective past and present members, managers, officers, directors, employees, attorneys, agents, representatives, successors, predecessors, and assigns (individually and collectively the "<u>Defendant Releasees</u>") from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, charges, causes of action, obligations, debts, expenses, attorneys' fees, damages, and liabilities of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, which the Plaintiff Releasors now own or hold or have at any time heretofore owned or held as against the Defendant Releasees, arising out of or in connection to the Adversary Proceedings; <u>provided</u>, <u>however</u>, that the foregoing release shall not apply to any obligations arising under this Settlement Agreement.  Each Plaintiff Releasor warrants that it has not assigned any alleged claim against any of the Defendant Releasees relating to the claims it is releasing under this Settlement Agreement to any other person, and is not aware of any claim against any of the Defendant Releasees other than the claims being released under this Settlement Agreement.  To the extent that any claim may be brought against a Defendant Releasee relating to the claims released under this Settlement Agreement by persons or entities claiming by, through, or under any of the Plaintiff Releasors, the undersigned agrees to indemnify and hold harmless the Defendant Releasees from any damages, liabilities, obligations, costs, or expenses (including reasonable attorneys' fees) or reasonable settlement payments to the extent relating to, arising out of, or resulting from such claims.  In the event that any of the claims, suits, liabilities, actions, causes of action, or similar matters undertaken herein to be released by the Plaintiff Releasors are not, for any reason, fully, effectively, and finally released and extinguished hereby, the undersigned (on behalf of itself and the other Plaintiff Releasors) hereby irrevocably transfers, assigns, and conveys such claims, suits, liabilities, actions, causes of action, and similar matters to the Defendant Releasees.

11. <u>Defendants' Releases</u>.  Immediately upon payment of the Settlement Amounts, the following releases shall become effective: (i) the Defendants, on behalf of themselves and their affiliates, and their respective past and present members, managers, officers, directors, employees, attorneys, agents, representatives, successors, predecessors, and assigns (individually and collectively the "<u>Defendant Releasors</u>"), hereby unconditionally covenant not to sue, and hereby release and discharge, each of the Plaintiffs and each of their respective affiliates, together with all of their respective past and present shareholders, managers, members, interest holders, officers, directors, employees, attorneys, agents, representatives, successors, predecessors, and assigns (individually and collectively the "<u>Plaintiff Releasees</u>") from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, expenses, attorneys' fees, damages, and liabilities of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, which the Plaintiff Releasors now own or hold or have at any time heretofore owned or held as against the Defendant Releasees, arising out of or in connection to the Adversary Proceedings; <u>provided</u>, <u>however</u>, that the foregoing release shall not apply to any obligations arising under this Settlement Agreement, including any obligation of the Plaintiffs to honor the 1994 ORRI at the Settlement Decimal. For the avoidance of doubt, the foregoing releases in this Paragraph 11 include Defendant Larson's release of all rights, if any, related to the 1999 Larson ORRI and Defendant BWAB's release of all rights, if any, related to the 1999 BWAB ORRI.  Each Defendant Releasor warrants that it has not assigned any alleged claim against any of the Plaintiff Releasees relating to the claims it is releasing under this Settlement Agreement to any other person, and is not aware of any claim against any of the Plaintiff Releasees other than the claims being released under this Settlement Agreement.  Each Defendant Releasor warrants that it has not assigned any of its rights under its respective 1999 Larson ORRI and 1999 BWAB ORRI, as applicable, and has not assigned any alleged claim against any of the Plaintiff Releasees relating to the claims it is releasing under this Settlement Agreement to any other person, and is not aware of any claim against any of the Plaintiff Releasees other than the claims being released under this Settlement Agreement.  To the extent that any claim may be brought against a Plaintiff Releasee relating to the claims released under this Settlement Agreement by persons or entities claiming by, through, or under any of the Defendant Releasors, the undersigned agrees to indemnify and hold harmless the Plaintiff Releasees from any damages, liabilities, obligations, costs, or expenses (including reasonable attorneys' fees) or reasonable settlement payments to the extent relating to, arising out of, or resulting from such claims. In the event that any of the claims, suits, liabilities, actions, causes of action, or similar matters undertaken herein to be released by the Defendant Releasors are not, for any reason, fully, effectively, and finally released and extinguished hereby, the undersigned (on behalf of itself and the other Defendant Releasors) hereby irrevocably transfers, assigns, and conveys such claims, suits, liabilities,

actions, causes of action, and similar matters to the Plaintiff Releasees.

12. <u>Representations and Warranties</u>.  Each of the Settling Parties represents and warrants to the other Settling Parties as follows:

    a.  Subject to the Court's entry of the Settlement Order and such Settlement Order becoming a final order, the Settling Parties have full power and authority to execute this Settlement Agreement and perform all of its obligations set forth herein;

    b.  No further corporate or organizational action or approval, except for the Court's entry of the Settlement Order and such Settlement Order becoming a final order, is necessary on the part of the Settling Party to execute and deliver this Settlement Agreement, to be bound by its terms, or to perform its obligations set forth herein.

    c.  Prior to execution, the Settling Party fully informed itself as to the terms, contents, provisions, and effects of this Settlement Agreement and had the benefit of the advice of an attorney or attorneys chosen and employed by that Settling Party concerning this Settlement Agreement.

    d.  No promise or representation of any kind has been made to the Settling Party or its representatives by any other Settling Party or its representative, except as expressly set forth in this Settlement Agreement.

    e.  The Settling Party is the sole owner and holder of the claims it is releasing under this Settlement Agreement, including without limitation any rights under the Assigned Interests, and none of those claims or rights have been assigned, pledged, encumbered, or otherwise transferred, in whole or in part, to any other person or entity.

13. <u>Entire Agreement</u>.  This Settlement Agreement is binding upon the Settling Parties and their respective successors and assigns.  This Settlement Agreement sets forth the entire agreement and understanding of the Settling Parties with respect to the subject matter hereof and supersedes and replaces any and all prior arrangements, understandings, representations, promises, inducements, or other communications, whether written or oral, among the Settling Parties pertaining to the subject matter of this Settlement Agreement.

14. <u>Acknowledgment</u>.  Each of the Settling Parties understands, agrees, and acknowledges that all of the Settling Parties shall be deemed to be the drafters of this Settlement Agreement and any ambiguity in or dispute regarding the interpretation of this Settlement Agreement shall not be resolved by any rule of interpretation providing for interpretation against the party that causes the uncertainty to exist or against any party as the drafter.

15. <u>Governing Law and Jurisdiction</u>.  This Settlement Agreement shall be

construed and enforced in accordance with the laws of the State of Delaware. Any suit regarding this Settlement Agreement or to enforce any rights hereunder shall be brought in the Court.

16. <u>Miscellaneous</u>.  The paragraph headings contained in this Settlement Agreement are for convenience of reference only and shall not affect the interpretation or construction of this Settlement Agreement.  No supplement, modification, waiver, or termination of this Settlement Agreement shall be binding unless executed in writing by each of the Settling Parties.  This Settlement Agreement may be executed in any number of counterparts, including by facsimile or other electronic means, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  The respective obligations of the Settling Parties are mutually reciprocal, interdependent and not subject to severability.

17. <u>Fees and Expenses</u>.  Each of the Settling Parties will bear its own costs and expenses (including legal fees) incurred in connection with the Adversary Proceedings and the preparation, negotiation, and execution of this Settlement Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF,** the parties hereto have duly executed this Settlement Agreement as of the 2nd day of June, 2015.

| | |
|---|---|
| KLEHR HARRISON HARVEY BRANZBURG LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |

By: */s/ Raymond H. Leminsch*               By: */s/ Dain A. De Souza*

Raymond H. Lemisch (No. 4204)        Anthony W. Clark (I.D. No. 2051)

919 Market Street, Suite 1000           Dain A. De Souza (I.D. No. 5737)

Wilmington, Delaware 19801            One Rodney Square

Telephone: (302) 552-5530              P.O. Box 636

                                       Wilmington, Delaware 19899-0636

and                                Telephone: (302) 651-3000

                                       Fax: (302) 651-3001

Barry L. Wilkie

Stuart N. Bennett                   and

Jones & Keller, P.C.

1999 Broadway, Suite 3150            Ron E. Meisler

Denver, Colorado 80202              Ebba Gebisa

Telephone: (303) 573-1600            Skadden, Arps, Slate, Meagher & Flom LLP

*Counsel for Aleron Larson, Jr. and BWAB*  155 N. Wacker Dr.

*Limited Liability Company*              Chicago, Illinois 60606

                                       Telephone: (312) 407-0700

                                       Fax: (312) 407-0411

*Counsel for the Reorganized Debtors and Delta Petroleum General Recovery Trust*

## <u>**EXHIBIT A**</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                      :
In re:                                                :      Chapter 11
                                                      :
DELTA PETROLEUM CORPORATION,                          :      Case No. 11-14006 (KJC)
et al.,                                               :
                                                      :      Jointly Administered
                    Debtors.                          :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - -   x
DELTA PETROLEUM GENERAL                               :
RECOVERY TRUST                                        :
and                                                   :
PAR PETROLEUM CORPORATION,                            :      Adv. Pro No. 12-50877 (KJC)
                                                      :
                    Plaintiffs,                       :      Related Docket Nos. 34, 74, 110, 111,
v.                                                    :      113
                                                      :
ALERON LARSON, JR,                                    :
                                                      :
                    Defendant.                        :
- - - - - - - - - - - - - - - - - - - - - - - -   x
DELTA PETROLEUM GENERAL                               :
RECOVERY TRUST                                        :
and                                                   :
PAR PETROLEUM CORPORATION,                            :      Adv. Pro No. 12-50898 (KJC)
                                                      :
                    Plaintiffs,                       :      Related Docket Nos. 34, 74, 110, 111,
v.                                                    :      113
                                                      :
BWAB LIMITED LIABILITY COMPANY,                       :
                                                      :
                    Defendant.                        :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - -   x

## STIPULATION OF DISMISSAL OF ADVERSARY PROCEEDINGS

           This Stipulation of Dismissal (the "Stipulation") is made in the above-

captioned adversary proceedings (the "Adversary Proceedings") by Delta Petroleum

General Recovery Trust, Par Petroleum Corporation, Aleron H. Larson, Jr., and BWAB

Limited Liability Company (collectively, the "Parties").

The Parties hereby stipulate that these Adversary Proceedings, including all

claims and counterclaims filed therein, be and hereby are dismissed, pursuant to Fed. R.

Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1)(A)(ii) with prejudice, each party to bear its

own costs, including attorney's fees.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF,** each of the Parties below has caused a counterpart of this Stipulation to be executed and delivered by its duly authorized signatory as of the date written below.

Dated: _____, 2015

KLEHR HARRISON HARVEY
BRANZBURG LLP


By: */s/    DRAFT*_____
Raymond H. Lemisch (No. 4204)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5530

and

Barry L. Wilkie
Stuart N. Bennett
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: (303) 573-1600

*Counsel for Aleron Larson, Jr. and BWAB
Limited Liability Company*

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: */s/    DRAFT*_____
Anthony W. Clark (I.D. No. 2051)
Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

and

Ron E. Meisler
Ebba Gebisa
Skadden, Arps, Slate, Meagher &
Flom LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for the Reorganized Debtors and
Delta Petroleum General Recovery Trust*

3